# Exhibit 3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Mississippi

| | | |
|---|---|---|
| Google Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  3:14-cv-981-HTW-LRA |
| Jim Hood, Attorney General of the State of Mississippi, in his official capacity, | ) ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Custodian of Records, Twenty-First Century Fox, Inc.
           c/o Registered Agent - CT Corporation System, 111 Eighth Avenue, New York, NY 10011

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Wilson Sonsini Goodrich & Rosati, P.C., 1301 Avenue of the Americas, 40th Floor, New York, NY 10019-6022 Attn: David H. Kramer | Date and Time: 03/30/2015 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/12/2015

*CLERK OF COURT*

                                      OR

_____              _____
*Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Google Inc.
_____ , who issues or requests this subpoena, are:
David H. Kramer, Wilson Sonsini Goodrich & Rosati P.C., 650 Page Mill Rd., Palo Alto, CA 94304-1050
(650) 493-9300, dkramer@wsgr.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. __3:14-cv-981-HTW-LRA__

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A
## DEFINITIONS

1.      The terms "DOCUMENT" and "DOCUMENTS" mean anything discoverable under Federal Rule of Civil Procedure 34(a).

2.      The terms "COMMUNICATION" or "COMMUNICATIONS" mean any form of interpersonal communication.

3.      The terms "PLAINTIFF" and "GOOGLE" refer to Plaintiff Google Inc. and its affiliates, subsidiaries, employees, and agents, including but not limited to YouTube, LLC.

4.      The term "DAGA" refers to the Democratic Attorneys General Association and its employees and agents.

5.      The term "ATTORNEY GENERAL HOOD" refers to Defendant Jim Hood, Attorney General of the State of Mississippi, in his official capacity, and all employees and agents of the Office of the Attorney General of the State of Mississippi acting in their official capacities.

6.      The term "ATTORNEY GENERAL'S OFFICE" refers to the Attorney General of a State or Territory (including without limitation any U.S. State, American Samoa, the District of Columbia, Guam, the Northern Mariana Islands, Puerto Rico, and the U.S. Virgin Islands), in his or her official capacity, and all employees and agents of the Office of the Attorney General of that State or Territory acting in their official capacities.  The term includes any person who was the Attorney General of any State or Territory at any point during the time period described in Paragraph A of the Instructions.

7.      The terms "REFER TO" or "REFERRING TO" mean, in whole or in part, addressing, commenting on, discussing, describing, identifying, reflecting on, or reporting on or in any manner mentioning.

8.      The terms "RELATING TO," "RELATE TO," or "REGARDING" mean, in whole or in part, dealing with, concerning, have bearing on, or in any manner pertaining to.

9.      The terms "YOU" or "YOUR" refer to the responding party, including any and all predecessors, successors, subsidiaries, parents, and affiliates of the responding party.

-1-

1

**INSTRUCTIONS**

2   A.   All responsive non-privileged DOCUMENTS in the possession, custody, or control

3   of YOU and created on or after January 1, 2012 are to be produced.  If, after exercising due

4   diligence to secure the DOCUMENTS requested, YOU cannot produce all responsive

5   DOCUMENTS, so state, produce to the extent possible, specify the reasons why YOU were

6   unable to provide a full and complete response, and state what information and knowledge YOU

7   do have concerning the unproduced portion.

8   B.   If YOU decline to produce any DOCUMENT or part thereof based on a claim of

9   privilege or any other claim, please provide a privilege log that, for each such DOCUMENT,

10  states: (a) the subject matter of the withheld DOCUMENT; (b) the nature of the DOCUMENT

11  (letter, memorandum, notes, etc.); (c) the title or subject line of the withheld DOCUMENT; (d) the

12  Bates number of the withheld DOCUMENT; (e) its DATE; (f) its author(s); (g) its recipient(s), if

13  any (To / CC / BCC fields joined together); (h) the privilege(s) claimed; and (i) a description of

14  the privilege(s) so as to explain the basis asserted for withholding the DOCUMENT in sufficient

15  detail so as to enable the claim of privilege to be adjudicated, if necessary.

16  C.   Absent an alternative agreement, electronic records and computerized information,

17  including, but not limited to, software, firmware, and simulations, must be produced in native

18  format together with a description of the system from which it was derived and any executables or

19  other files necessary to permit rendering the materials intelligible.

20

**REQUESTS FOR PRODUCTION**

21  **REQUEST NO. 1**:

22  All DOCUMENTS discussing or RELATING TO any monetary or in-kind contributions,

23  payments, donations, gifts or other consideration, given to ATTORNEY GENERAL HOOD by

24  YOU, at YOUR direction or on YOUR behalf.

25  **REQUEST NO. 2**:

26  All DOCUMENTS discussing or RELATING TO any monetary or in-kind contributions,

27  payments, donations, gifts or other consideration, given to DAGA by YOU, at YOUR direction or

28  on YOUR behalf.

-2-

1    **REQUEST NO. 3**:

2        All COMMUNICATIONS with ATTORNEY GENERAL HOOD, including all

3    DOCUMENTS attached to, enclosed with, or otherwise transmitted with a

4    COMMUNICATION.

5    **REQUEST NO. 4**:

6        All COMMUNICATIONS with any ATTORNEY GENERAL'S OFFICE that RELATE

7    TO or REFER TO GOOGLE or "Goliath," "Project Goliath," "Keystone," "Project Keystone,"

8    "Attorney General Project," or "State Attorney General Project," including all DOCUMENTS

9    attached to, enclosed with, or otherwise transmitted with a COMMUNICATION.

10

11

12    Dated:  March 12, 2015            WILSON SONSINI GOODRICH & ROSATI
                                                  Professional Corporation

13

                                                  By:  /s/ David H. Kramer
14                                                           David H. Kramer

15                                                *Attorneys for Plaintiff*
16                                                GOOGLE INC.

17

18

19

20

21

22

23

24

25

26

27

28