# Exhibit 12

1099 NEW YORK AVENUE NW  SUITE 900  WASHINGTON, DC  20001-4412          JENNER&BLOCK LLP

March 27, 2015

Scott B. Wilkens
Tel  202 639-6072
Fax 202 661-4832
swilkens@jenner.com

**VIA ELECTRONIC MAIL**
**AND FIRST CLASS MAIL**

David H. Kramer, Esq.
Wilson Sonsini Goodrich & Rosati
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
dkramer@wsgr.com

Re:  *Google v. Hood* **Subpoenas**

Dear David:

     We have previously written to you on behalf of non-party Twenty-First Century Fox, Inc. ("FOX") with regard to the prematurity of the subpoena you purported to serve on March 13, 2015, on behalf of Plaintiff Google, Inc. in the above referenced matter, contrary to the Court's March 2, 2015 Order (the "March 2 Order."). You also served identical subpoenas on NBCUniversal Media, LLC ("NBCUniversal") and Viacom, Inc. ("Viacom"), whom we also represent. Those subpoenas are also premature under the express terms of the Court's March 2 Order, because they too were served on March 13, 2015, prior to the commencement of discovery. Herein, we refer to FOX, NBCUniversal and Viacom collectively as the "Non-Parties," and to the subpoenas as the "Subpoenas."

     We maintain the same threshold timeliness objection with respect to the Subpoenas and will deem them to have been served on the date upon which discovery in this case begins, i.e., the date when the Attorney General of the State of Mississippi ("Attorney General Hood") files an Answer. Although the Subpoenas are unquestionably premature under the Court's March 2 Order, with or without a stay of discovery, we note that Attorney General Hood has now moved for such a stay pending his appeal from the Court's preliminary injunction.

David H. Kramer, Esq.
March 27, 2015
Page 2

Without any waiver of the above-referenced objections to the timeliness of the Subpoenas and without prejudice to asserting fuller responses and objections at the appropriate time, we set forth below certain of the Non-Parties' objections to the Subpoenas pursuant to Federal Rule of Civil Procedure 45(d)(2)(B):

1. The Non-Parties object to the Subpoenas to the extent they seek documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of relevant and admissible evidence. FOX, NBCUniversal and Viacom are not parties to the above referenced action and their internal activities and communications are not relevant to the issues in dispute. The Non-Parties further object separately to each and every one of the individual Document Requests in the Subpoenas on the same ground.

2. The Non-Parties object to the Subpoenas to the extent they seek documents that are protected by the attorney-client privilege or work product privilege; that constitute or disclose the mental impressions, conclusions, opinions, legal theories or strategies of any attorney or other representative of the Non-Parties concerning this or any other matter; or that are protected by any other privilege or immunity recognized by statute or common law. The Non-Parties further object to the extent the Subpoenas seek documents protected from disclosure by a joint or common interest privilege among the MPAA and its members or other entities. The Non-Parties further object to the extent the Subpoenas seek documents protected from disclosure by a privilege accorded to law enforcement agencies, including the Office of the Attorney General of the State of Mississippi. The Non-Parties further object separately to each and every one of the individual Document Requests in the Subpoenas on the same grounds.

3. The Non-Parties also object to the Subpoenas to the extent that they arise from, rely on, and refer to Google, Inc.'s unauthorized and improper receipt of information that is protected from disclosure by reason of the attorney-client privilege, the attorney work-product doctrine, the joint defense or common interest privilege, or other evidentiary, discovery, or ethical privilege or immunity. The unauthorized receipt of such documents by Google, Inc. or any third party shall not constitute waiver of the applicable privileges either as to the documents or as to any information the documents contain. The Non-Parties further object separately to each and every one of the individual Document Requests in the Subpoenas on the same ground.

4. The Non-Parties object to the Subpoenas to the extent they seek to invoke the compulsory process powers of the court to deter or punish the Non-Parties' exercise of their associational, petitioning, and speech rights under the First Amendment to the United States Constitution, and to the extent they seek information protected from disclosure by those rights. The Non-Parties further object separately to each and every one of the individual Document Requests in the Subpoenas on the same ground.

5. The Non-Parties object to the Subpoenas to the extent that their Document Requests are overbroad, cumulative, duplicative, unduly burdensome and oppressive. The Non-

David H. Kramer, Esq.
March 27, 2015
Page 3

Parties further object separately to each and every one of the individual Document Requests in the Subpoenas on the same ground.

      6.      The Non-Parties object to the Subpoenas to the extent that they seek production of documents or information in the possession, custody or control of any of the parties to this action, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Such documents and information should be obtained through party discovery (or through more convenient and less burdensome alternative means available) before third parties are subjected to the burden and expense of a subpoena. The Non-Parties further object separately to each and every one of the individual Document Requests in the Subpoenas on the same ground.

      7.      The Non-Parties object to the Subpoenas to the extent that the Document Requests are vague, ambiguous, not reasonably limited in temporal scope, and/or lacking sufficient particularity. The Non-Parties further object separately to each and every one of the individual Document Requests in the Subpoenas on the same ground.

      8.      The Non-Parties object to the Subpoenas to the extent that they seek information protected from disclosure by the right to privacy established by relevant constitutional, statutory and common law. The Non-Parties further object separately to each and every one of the individual Document Requests in the Subpoenas on the same ground.

      9.      The Non-Parties object to the Subpoenas, including all "Definitions" and "Instructions," to the extent that they purport to impose obligations on the Non-Parties beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rule or court order. The Non-Parties further object separately to each and every one of the individual Document Requests in the Subpoenas on the same ground.

      10.      The Non-Parties object to the Subpoenas to the extent they purport to require the production of documents that contain highly sensitive or confidential, commercial and proprietary business information of the Non-Parties, or seeks information or documents that constitute or disclose highly confidential or proprietary research, development, or other commercial information. Disclosure of such highly confidential, proprietary business information would put the Non-Parties at a competitive disadvantage and irreparably harm them in their daily operations and ongoing business dealings with others.

      11.      In addition, the Non-Parties object to the Subpoenas to the extent they do not provide a reasonable time for compliance.

      The Non-Parties reserve the right to amend, clarify, or supplement their responses and objections to the Subpoenas, and the Non-Parties' failure to object on a particular ground or grounds at this time is not, and shall not be construed to be, a waiver of the Non-Parties' rights to object on any additional ground or grounds. All other rights are expressly reserved.

David H. Kramer, Esq.
March 27, 2015
Page 4

Please do not hesitate to call me if you have any questions with regard to the above.

Sincerely,

*/s/ Scott B. Wilkens/*

Scott B. Wilkens

SBW:nly