# Exhibit 27

353 NORTH CLARK STREET CHICAGO ILLINOIS 60654-3456

# JENNER&BLOCK LLP

Christopher Tompkins
Tel  312 840-8686
Fax 312 840-8786
ctompkins@jenner.com

April 24, 2015

**<u>VIA EMAIL & US MAIL</u>**

Michael H. Rubin and David H. Kramer
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA  94604-1050
mrubin@wsgr.com
dkramer@wsgr.com

      **Re:**   ***Google, Inc. v. Hood***
                Case No. 3-14-cv-00981 HTW (LRA) (S.D. Miss).

Dear Mr. Rubin and Mr. Kramer:

I write to follow-up on my April 17, 2015 letter to David Kramer, and in response to Michael Rubin's April 20, 2015 letter regarding the subpoena your client, Google, Inc. ("Google"), served on Jenner & Block LLP ("Jenner & Block") on March 13, 2015.  As I stated in my April 17 letter, we remain open to having a meaningful discussion to narrow the scope of the subpoena in a way that would be mutually acceptable to Google and Jenner & Block without needing to burden the courts.  To that end, we appreciate your offer to meet and confer regarding the scope of Google's subpoena, and can make ourselves available by telephone next week after you have had an opportunity to review this letter.  Please let us know a date and time that will work for you.

In advance of that meeting, and as promised in prior correspondence, we wanted to provide an update regarding our position now that we have had time to conduct a preliminary review of documents in our possession and consult with our client regarding this matter.  Based on that review, enclosed please find an amended set of responses and objections to Google's Subpoena reflecting the intended scope of our production in response to the subpoena.  As you will see in the amended responses, we continue to believe that Google's subpoena is objectionable on a number of grounds as discussed in our March 27 letter.  However, in a good faith attempt to resolve our objections without court involvement, upon entry of an appropriate protective order, we are prepared to produce responsive, non-privileged and not otherwise protected communications with Mississippi Attorney General Hood or other members of his office that we locate in the files of firm attorneys reasonably likely to have been involved in such communications.

While we are willing to produce responsive communications with Attorney General Hood, we fail to see how documents ***not*** sent to Attorney General Hood could be relevant to the Mississippi proceedings and, as expressed in our March 27, 2015 letter, substantially all of those documents are subject to multiple privileges, and Google's request that Jenner & Block search for and produce such documents violates Google's duty to refrain from imposing an undue burden or expense on a non-party under Federal Rule of Civil Procedure 45(d)(1).  Accordingly we stand by our objections to producing such documents.

Michael H. Rubin
April 24, 2015
Page 2

Please note that while we are willing to produce documents as discussed above, we also understand that Attorney General Hood may assert privilege claims over some of these documents, and has already done so with respect to copies of some such communications in his possession.  We also understand that those privilege claims are currently the subject of motion practice in the Southern District of Mississippi.  Accordingly, in advance of any production to Google, Jenner & Block intends to provide Attorney General Hood with the opportunity to review documents Jenner & Block intends to produce to permit Attorney General Hood to identify any documents over which he asserts an applicable privilege pending resolution of the Attorney General's privilege claims, and will await the result of the current motion practice on this issue.

In response to your request for information regarding applicable privileges, we note that the confines of the attorney-client communication privilege and attorney work product doctrines are well known, and the firm's communications with its clients regarding these matters clearly fall within one or both of those doctrines.  Indeed, many federal courts view subpoenas directed at counsel with extreme suspicion, and require the propounding party to meet a heightened showing of need and relevance before enforcing such a subpoena given such subpoenas by necessity invade the attorney-client relationship.  With respect to privileges based on the First Amendment, we point you to decisions such as *Perry v. Schwarzenegger,* 591 F.3d 1147(9th Cir. 2010).

We look forward to discussing whether the scope of our proposed production can resolve these issues, and entry of an appropriate protective order in advance of any production.


Sincerely,

Christopher Tompkins


cc:     Norman M. Hirsch

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| Google, Inc., | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| *v.* | ) |
| | )   No.:  3-14-cv-00981 HTW (LRA) |
| Jim Hood, Attorney General of the State | ) |
| of Mississippi, in his official Capacity, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

**NON-PARTY JENNER & BLOCK'S AMENDED
<u>RESPONSES & OBJECTIONS TO GOOGLE'S SUBPOENA FOR DOCUMENTS</u>**

Pursuant to Federal Rule of Civil Procedure 45, Non-Party Jenner & Block LLP ("Jenner & Block") hereby submits the following amended[1] responses and objections to the Subpoena To Produce Documents, Information Or To Permit Inspection Of Premises In A Civil Action served by Plaintiff Google, Inc. ("Google") on March 13, 2015 (the "Subpoena") as follows:

<u>**GENERAL RESPONSES AND OBJECTIONS**</u>

The following General Responses and Objections are incorporated by reference in and apply to Jenner & Block's responses to each request for documents in the Subpoena:

1.       Jenner & Block objects to the Subpoena because it requests documents that are irrelevant and immaterial, and because the Subpoena is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  In the above-captioned proceeding Google has asserted that the Defendant, Mississippi Attorney General Jim Hood ("Attorney General Hood"),

---

[1] These responses & objections amend the responses and objections Jenner & Block provided on March 27, 2015 in light of further investigation and a preliminary review of documents in the firm's possession.

lacks the authority to investigate potential violations of Mississippi law by Google, and to issue an administrative subpoena in furtherance of that investigation.  Jenner & Block understands that Google contends that Attorney General Hood's authority to investigate violations of Mississippi law is limited by certain federal statutes and the U.S. Constitution.  The efforts of Jenner & Block, on behalf of its clients, to encourage Attorney General Hood to investigate potential violations of Mississippi law are not relevant to the scope of Attorney General Hood's authority under Mississippi and federal law.  The firm's activities can neither enlarge nor diminish the scope of Attorney General Hood's authority.  Moreover, the Subpoena is overbroad because it requests (i) documents not sent to Attorney General Hood or his office and which therefore had no conceivable impact on his investigation, and (ii) documents not even related to Attorney General Hood's investigation.  Accordingly, Google's Subpoena is not reasonably calculated to lead to the discovery of admissible evidence in the above-captioned action, the burden and expense that would be imposed on Jenner & Block to comply with the Subpoena significantly outweighs the value of the information sought, and Google has failed to comply with its duty under Federal Rule of Civil Procedure 45(d)(1) to avoid imposing an undue burden or expense on Jenner & Block.

2.     The subpoena also violates Google's duty under Federal Rule of Civil Procedure 45(d)(1) to avoid imposing an undue burden or expense on Jenner & Block because Google has not exhausted attempts to obtain the documents it seeks from other sources, such as the Defendant, prior to serving the Subpoena on a non-party.  Google should be required to exhaust discovery from parties to the current case prior to burdening non-party Jenner & Block to obtain documents obtainable from a source that is more convenient, less burdensome, and less expensive than production by a non-party.

2

3.      Jenner & Block objects to the Subpoena to the extent that it requests documents protected by the attorney-client privilege, the attorney work product doctrine, other related privileges, and/or Jenner & Block's duty of confidentiality under the Rules of Professional Conduct.  A very substantial number of the documents requested by the Subpoena are confidential communications between Jenner & Block and its client, the Motion Picture Association of America ("MPAA") and MPAA's constituent members, or are internal firm communications regarding the firm's work performed on behalf of its clients.  As such, these documents are protected from disclosure under the attorney-client privilege and may be protected by the work product doctrine, or related privileges or doctrines.

4.      Jenner & Block objects to Instruction B requesting a document by document privilege log.  As stated above in General Objection No. 3, a very substantial number of documents requested by the subpoena are exempt from disclosure under the attorney-client privilege, attorney work product doctrine, and related doctrines, and it would be unduly burdensome to require Jenner & Block to create a document by document privilege log.  The requests violate Google's duty to avoid imposing an undue burden and expense on Jenner & Block under Federal Rule of Civil Procedure 45(d)(1).

5.      Jenner & Block objects to the Subpoena to the extent that it requests documents that are privileged from disclosure under the First Amendment to the U.S. Constitution.  The Subpoena requests internal communications of the MPAA and communications between MPAA and its constituent members regarding the strategy the organization wished to take to combat piracy of members' copyrighted content, including efforts to petition the Government regarding those issues.  The disclosure of these communications will chill the free exchange of information and ideas within the MPAA and between the MPAA and its members.  Given the chilling effect

3

that disclosure will have on the protected free speech and freedom of association rights of MPAA and its members, and because the documents requested are not relevant to the above-captioned proceeding, such documents are privileged from disclosure under the First Amendment.

6.      Jenner & Block objects to all Definitions, Instructions, and Requests to the extent they rely on, or make reference to, Google's unauthorized receipt of confidential information. To the extent that such confidential information is protected from disclosure by reason of the attorney-client privilege, the attorney work-product doctrine, the joint defense or common interest privilege, or other evidentiary, discovery, or ethical privilege or immunity, Jenner & Block further objects to Google's use of such information in the formulation of these Requests. The unauthorized receipt of such documents by Google or any third party shall not constitute waiver of the applicable privileges either as to the documents or as to any information the documents contain.  If any privileged documents or materials or information were obtained by Google in the absence of a court order compelling such production, Google was obligated to cease reading or using such documents or information.  Jenner & Block hereby requests that Google immediately cease using, referencing, or otherwise relying on such material or information in the above-captioned action.

7.      Jenner & Block objects to the Subpoena, and Instruction A, to the extent that they are not limited to time periods reasonably related to the matters at issue in the above-captioned action.  Specifically, to the extent the Requests cover a period on or after Google's December 19, 2014 filing of the Complaint in the above-captioned action, the Requests are overbroad, unduly burdensome, and seek information neither relevant to the above-captioned action nor likely to lead to the discovery of admissible evidence.  Accordingly, Jenner & Block will produce only

documents falling within the period January 1, 2012 and the date before which Google filed the above-captioned litigation, December 18, 2014.

8.      Jenner & Block objects to the Subpoena on the grounds that it fails to allow for a reasonable period of time to respond or comply, and thus fails to comply with Federal Rule of Civil Procedure 45.  The times that have been demanded for production of documents – first, 9:00 a.m. on March 30, 2015, and later April 17, 2015 – do not provide adequate or reasonable time for a response particularly given the broad scope and breadth of the requests.  Jenner & Block will produce documents at a mutually agreeable date and at a mutually agreeable time.

9.      Jenner & Block objects to the Subpoena because it does not contemplate reimbursement of Jenner & Block's costs of compliance, including the time of its attorneys, paralegal and administrative staff, and expenses that will be incurred engaging e-discovery vendors in connection with its effort to comply.  Particularly given the limited value of the information, the expense of compliance should be borne by Google and not by non-party Jenner & Block.

10.     Jenner & Block objects to the Subpoena to the extent that it requests documents outside of the possession, custody, or control of Jenner & Block.

11.     Jenner & Block objects to the Subpoena to the extent it would require Jenner & Block to produce electronically stored information ("ESI") from any source that is not reasonably accessible because of undue burden or cost, including, but not limited to, ESI stored on backup tapes maintained for disaster recovery purposes.

12.     Jenner & Block objects to the subpoena to the extent it requires production of responsive ESI in a particular format, or production of materially duplicative copies.  To the extent any ESI is produced in response to the Requests, different information might be produced

in different forms.  One form of production might be appropriate for one category or source, but not for another.  For example, Jenner & Block may store different information in different forms. Moreover, production of native documents would be inappropriate in the case of documents that require redaction of non-relevant or privileged information.  Jenner & Bock's production of ESI as to one category or source in a particular form does not waive any objection to producing different information in that form.  Jenner & Block objects to producing copies of documents that do not differ materially from the copy produced.

13.     Jenner & Block objects to the Subpoena, including its Definitions and Instructions, to the extent that it purports to impose on Jenner & Block any requirements beyond or inconsistent with Federal Rules of Civil Procedure or any other applicable rule or court order. Jenner & Block will respond and produce documents, if any, only to the extent required by the Federal Rules of Civil Procedure and other applicable rules and court orders.

14.     Jenner & Block objects to the Subpoena to the extent that it requests production of documents that contain highly sensitive or confidential, commercial and proprietary business information of either Jenner & Block or Jenner & Block's clients, or to the extent they seek documents containing confidential information that would impinge on a protected right to privacy of any individual.   Jenner & Block will produce documents containing such information only after a protective order has been entered that will cover such productions and only to the extent Jenner & Block can do so consistent with its legal and confidentiality obligations to third parties.

15.     Jenner & Block's responses and objections reflect the current status of Jenner & Block's knowledge, understanding, and belief regarding the matters about which inquiry has

been made.  Jenner & Block reserves its right to supplement or amend its responses and objections as appropriate with other information if it becomes available.

16.     Notwithstanding the forgoing objections, and strictly to demonstrate its good faith attempt to comply with the Subpoena and not because Jenner & Block acknowledges the relevance of any of the information requested, Jenner & Block will produce responsive, non-privileged and not otherwise protected communications with Attorney General Hood or other members of his office dated between January 1, 2012 and December 18, 2014, which it locates in the files of firm attorneys reasonably likely to possess such communications.  Jenner & Block also understands that Attorney General Hood may assert privilege claims over some of these documents, and has already done so with respect to copies of some such communications in his possession.  We also understand that those privilege claims are currently the subject of motion practice in the Southern District of Mississippi.  Accordingly, in advance of any production to Google, Jenner & Block intends to provide Attorney General Hood with the opportunity to review documents Jenner & Block intends to produce to permit Attorney General Hood to identify any documents over which he asserts an applicable privilege pending resolution of the Attorney General's privilege claims, and will await the result of the current motion practice on this issue.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All DOCUMENTS that relate to or refer to both GOOGLE and ATTORNEY GENERAL HOOD, including but not limited to DOCUMENTS authored in whole or in part by ATTORNEY GENERAL HOOD, MOORE, RIAA, PHRMA, and/or DIGITAL CITIZENS ALLIANCE.

**RESPONSE:**

Jenner & Block incorporates its General Responses and Objections and furthermore objects to the request as overboard, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and because it requests documents protected from disclosure under applicable privileges.

As stated in General Objections No. 1 and 2, the request is not reasonably calculated to lead to the discovery of admissible evidence, the expense and costs of compliance that will be imposed on Jenner & Block outweigh the value of the information sought, and violate Google's duty to avoid imposing undue burden or cost on Jenner & Block. The request is overbroad because, among other things, it seeks "all documents" that "relate to or refer" to both Google and Attorney General Hood, and not just communications with Attorney General Hood and his office. Requests for documents other than communications with Attorney General Hood or his office are not reasonably calculated to lead to the discovery of admissible evidence, and the burden and expense of compliance far outweigh the value of such information. As stated in General Objections No. 3 to 5, the request also seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the first amendment privilege, and other related doctrines.

Subject to the foregoing objections, and the General Objections, and upon entry of an appropriate protective order, as provided in and subject to General Response and Objections No. 16, Jenner & Block will produce responsive, non-privileged and not otherwise protected

8

communications with Attorney General Hood dated between January 1, 2012 and December 18, 2014.

**REQUEST NO. 2:**

All COMMUNICATIONS concerning efforts or possible efforts by ATTORNEY GENERAL HOOD to investigate GOOGLE that were sent to or received from ATTORNEY GENERAL HOOD, MOORE, RIAA, PHRMA, DIGITAL CITIZENS ALLIANCE, and/or any state or federal regulatory agencies, ATTORNEY GENERAL'S OFFICES, legislators, legislative entities, or other government entities, regardless of the actual sender or recipient of the communication.

**RESPONSE:**

Jenner & Block incorporates its General Responses and Objections and furthermore objects to the request as overboard, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

As stated in General Objections No. 1 and 2, the request is not reasonably calculated to lead to the discovery of admissible evidence, the expense and costs of compliance that will be imposed on Jenner & Block outweigh the value of the information sought, and violate Google's duty to avoid imposing undue burden or cost on Jenner & Block.  The request is overbroad because, among other things, it seeks communications that do not include Attorney General Hood or his office.  Requests for documents other than communications with Attorney General Hood or his office are not reasonably calculated to lead to the discovery of admissible evidence and the burden and expense of compliance far outweigh the value of such information.  As stated in General Objections No. 3 to 5, the request also seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the first amendment privilege, and other related doctrines.

Subject to the foregoing objections, and the General Objections, and upon entry of an appropriate protective order, as provided in and subject to General Response and Objections No.

16, Jenner & Block will produce responsive, non-privileged and not otherwise protected

communications with Attorney General Hood dated between January 1, 2012 and December 18,

2014.

**REQUEST NO. 3:**

All DOCUMENTS that refer or relate to any actual or potential investigation,
enforcement action, agency proceeding, or litigation against GOOGLE by ATTORNEY
GENERAL HOOD, whether alone or in conjunction with other state attorneys general, including
but not limited to communications, subpoenas, letters, civil investigative demands, discovery
requests, complaints, memoranda briefs, or legal research.

**RESPONSE:**

Jenner & Block incorporates its General Responses and Objections and furthermore

objects to the request as overboard, unduly burdensome, not reasonably calculated to lead to the

discovery of admissible evidence, and because it requests information and documents protected

from disclosure under applicable privileges.

As stated in General Objections No. 1 and 2, the request is not reasonably calculated to

lead to the discovery of admissible evidence, the expense and costs of compliance that will be

imposed on Jenner & Block outweigh the value of the information sought, and violate Google's

duty to avoid imposing undue burden or cost on Jenner & Block.  The request is also overbroad

because, among other things, it seeks "all documents" that "refer or relate" to "any actual or

potential investigation, enforcement action, agency proceeding, or litigation against Google by

Attorney General Hood" and is not limited to communications with Attorney General Hood or

his office.  Requests for documents other than communications with Attorney General Hood or

his office are not reasonably calculated to lead to the discovery of admissible evidence and the

burden and expense of compliance far outweigh the value of such information.  As stated in

General Objections No. 3 to 5, the request also seeks documents protected from disclosure by the

attorney-client privilege, the attorney work product doctrine, the first amendment privilege, and

other related doctrines.

Subject to the foregoing objections, and the General Objections, and upon entry of an

appropriate protective order, as provided in and subject to General Response and Objections No.

16, Jenner & Block will produce responsive, non-privileged and not otherwise protected

communications with Attorney General Hood dated between January 1, 2012 and December 18,

2014.

**REQUEST NO. 4:**

All DOCUMENTS that refer or relate to campaign assistance, contributions, or other
campaign- or election-related activities for ATTORNEY GENERAL HOOD, including but not
limited to DOCUMENTS referring or relating to an entity known as Friends of Jim Hood.

**RESPONSE:**

Jenner & Block incorporates its General Responses and Objections and furthermore

objects to the request as overboard, unduly burdensome, not reasonably calculated to lead to the

discovery of admissible evidence, and because it requests information and documents protected

from disclosure under applicable privileges.

As stated in General Objections No. 1 and 2, the request is not reasonably calculated to

lead to the discovery of admissible evidence, the expense and costs of compliance that will be

imposed on Jenner & Block outweigh the value of the information sought, and violate Google's

duty to avoid imposing undue burden or cost on Jenner & Block.  The request is overbroad

because it seeks documents regarding matters beyond the investigation undertaken by Attorney

General Hood at issue in the above-captioned action.

Subject to the foregoing objections, and the General Objections, and upon entry of an

appropriate protective order, as provided in and subject to General Response and Objections No.

16, Jenner & Block will produce responsive, non-privileged and not otherwise protected

communications, if any, with Attorney General Hood regarding contributions to Attorney

General Hood's campaign committee dated between January 1, 2012 and December 18, 2014.

Jenner & Block will also produce documentation which Jenner & Block locates in its files, if

any, evidencing any campaign contributions by the firm or its partners to Attorney General

Hood's campaign committee between January 1, 2012 and December 18, 2014.

**REQUEST NO. 5:**

All DOCUMENTS that refer or relate to "Project Goliath," "Goliath," "Keystone," or
"Project Keystone."

**RESPONSE:**

Jenner & Block incorporates its General Responses and Objections and furthermore

objects to the request as overboard, unduly burdensome, not reasonably calculated to lead to the

discovery of admissible evidence, and because it requests information and documents protected

from disclosure under applicable privileges.

As stated in General Objections No. 1 and 2, the request is not reasonably calculated to

lead to the discovery of admissible evidence, the expense and costs of compliance that will be

imposed on Jenner & Block outweigh the value of the information sought, and violate Google's

duty to avoid imposing undue burden or cost on Jenner & Block.  The request is overbroad

because, among other things, it seeks "all documents" that "refer or relate" to matters that do not

even relate to the investigation undertaken by Attorney General Hood at issue in the above-

captioned proceeding.  Requests for documents other than communications with Attorney

General Hood or his office, and documents that do not relate at all to his investigation, are not

reasonably calculated to lead to the discovery of admissible evidence and the burden and expense

of compliance far outweigh the value of such information.

As stated in General Objections No. 3 to 5, the request also seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the first amendment privilege, and other related doctrines.  As stated in General Objections No. 6, Jenner & Block also objects to the extent this request is based on Google's unauthorized receipt of information that is protected from disclosure by reason of the attorney-client privilege, the attorney work-product doctrine, the joint defense or common interest privilege, or other evidentiary, discovery, or ethical privilege or immunity.

Subject to the foregoing objections, and the General Objections, and upon entry of an appropriate protective order, as provided in and subject to General Response and Objections No. 16, Jenner & Block will produce responsive, non-privileged and not otherwise protected communications with Attorney General Hood dated between January 1, 2012 and December 18, 2014.

**REQUEST NO. 6:**

All DOCUMENTS that refer or relate to the WHITE PAPERS.

**RESPONSE:**

Jenner & Block incorporates its General Responses and Objections and furthermore objects to the request as overboard, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and because it requests information and documents protected from disclosure under applicable privileges.

As stated in General Objections No. 1 and 2, the request is not reasonably calculated to lead to the discovery of admissible evidence, the expense and costs of compliance that will be imposed on Jenner & Block outweigh the value of the information sought, and violate Google's duty to avoid imposing undue burden or cost on Jenner & Block.  The request is overbroad because it seeks "all documents" that "refer or relate" to the White Papers.  Requests for

documents other than White Papers provided to Attorney General Hood or his office, such as internal communications within Jenner & Block or between Jenner & Block and its clients regarding the White Papers are not reasonably calculated to lead to the discovery of admissible evidence and the burden and expense of compliance far outweigh the value of such information.

As stated in General Objections No. 3 to 5, the request also seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the first amendment privilege, and other related doctrines.  In particular, internal Jenner & Block documents related to the White Papers, or non-final drafts of the White Papers are exempt from disclosure under applicable privileges.  As stated in General Objections No. 6, Jenner & Block also objects to the extent this request is based on Google's unauthorized receipt of information that is protected from disclosure by reason of the attorney-client privilege, the attorney work-product doctrine, the joint defense or common interest privilege, or other evidentiary, discovery, or ethical privilege or immunity.

Subject to the foregoing objections, and the General Objections, and upon entry of an appropriate protective order, as provided in and subject to General Response and Objections No. 16, Jenner & Block will produce responsive, non-privileged and not otherwise protected communications with Attorney General Hood dated between January 1, 2012 and December 18, 2014.

**REQUEST NO. 7:**

All DOCUMENTS referenced in any NEWS ARTICLE, including without limitation all NEWS ARTICLE ITEMS.

**RESPONSE:**

Jenner & Block incorporates its General Responses and Objections and furthermore objects to the request as overboard, unduly burdensome, not reasonably calculated to lead to the

discovery of admissible evidence, and because it requests information and documents protected from disclosure under applicable privileges.

As stated in General Objections No. 1 and 2, the request is not reasonably calculated to lead to the discovery of admissible evidence, the expense and costs of compliance that will be imposed on Jenner & Block outweigh the value of the information sought, and violate Google's duty to avoid imposing undue burden or cost on Jenner & Block.  The request is overbroad because it seeks "all documents" that "refer or relate" to matters that do not even relate to the investigation undertaken by Attorney General Hood at issue in the above-captioned proceeding. Requests for documents other than communications with Attorney General Hood or his office are not reasonably calculated to lead to the discovery of admissible evidence and the burden and expense of compliance far outweigh the value of such information.

As stated in General Objections No. 3 to 5, the request also seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the first amendment privilege, and other related doctrines.  As stated in General Objections No. 6, Jenner & Block also objects to the extent this request is based on Google's unauthorized receipt of information that is protected from disclosure by reason of the attorney-client privilege, the attorney work-product doctrine, the joint defense or common interest privilege, or other evidentiary, discovery, or ethical privilege or immunity.

Subject to the foregoing objections, and the General Objections, and upon entry of an appropriate protective order, as provided in and subject to General Response and Objections No. 16, Jenner & Block will produce responsive, non-privileged and not otherwise protected communications with Attorney General Hood dated between January 1, 2012 and December 18, 2014.

**REQUEST NO. 8:**

Any drafts or versions of all DOCUMENTS responsive to Requests No. 3, 6, and 7.

**RESPONSE:**

Jenner & Block incorporates its General Responses and Objections and furthermore objects to the request as overboard, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and because it requests information and documents protected from disclosure under applicable privileges.

Jenner & Block incorporates its responses and objections to Requests No. 3, 6 and 7.  As stated in General Objections No. 1 and 2, the request is not reasonably calculated to lead to the discovery of admissible evidence, the expense and costs of compliance that will be imposed on Jenner & Block outweigh the value of the information sought, and violate Google's duty to avoid imposing undue burden or cost on Jenner & Block, particularly to the extent the request seeks drafts never communicated to Attorney General Hood.

As stated in General Objections No. 3 to 5,the request also seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the first amendment privilege, and other related doctrines.  This is particularly the case for drafts of documents not shared with Attorney General Hood, virtually all of which will be protected by an applicable privilege.  As stated in General Objections No. 6, Jenner & Block also objects to the extent this request is based on Google's unauthorized receipt of information that is protected from disclosure by reason of the attorney-client privilege, the attorney work-product doctrine, the joint defense or common interest privilege, or other evidentiary, discovery, or ethical privilege or immunity.

Subject to the foregoing objections, and the General Objections, and upon entry of an appropriate protective order, as provided in and subject to General Response and Objections No.

16, Jenner & Block will produce responsive, non-privileged and not otherwise protected

communications with Attorney General Hood dated between January 1, 2012 and December 18,

2014.

Dated:  April 24, 2015                          JENNER & BLOCK LLP

By: _____

One of its attorneys

Norman M. Hirsch
Christopher Tompkins
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel.:  312 222-9350
Fax:  312 527-0484

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 24, 2015, I caused a copy of NON-PARTY JENNER &

BLOCK'S AMENDED RESPONSES & OBJECTIONS TO GOOGLE'S SUBPOENA FOR

DOCUMENTS to be sent by electronic mail and U.S. Mail to the following individual:

> Michael H. Rubin and David H. Kramer
> Wilson Sonsini Goodrich & Rosati
>
> 650 Page Mill Road
>
> Palo Alto, CA  94604-1050
>
> mrubin@wsgr.com
> dkramer@wsgr.com
>
> *Attorneys for Plaintiff Google, Inc.*

_____

Christopher Tompkins