Exhibit 30

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| Google, Inc., )<br><br>            *Plaintiff,* )<br><br>    v. )<br><br>Jim Hood, Attorney General of the State )<br>of Mississippi, in its official Capacity, )<br><br>            *Defendant.* ) | No. 3:14-cv-00981 HTW (LRA) |

### NON-PARTY NBCUNIVERSAL MEDIA, LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF GOOGLE, INC.'S SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 45, non-party NBCUniversal Media, LLC ("NBCUNIVERSAL") hereby submits the following amended and supplemental responses and objections to Plaintiff Google, Inc.'s ("Google") Subpoena to Produce Documents (the "Subpoena") served on NBCUNIVERSAL in this matter, as follows:

### GENERAL OBJECTIONS

NBCUNIVERSAL incorporates the following General Objections to the Subpoena into each and every response and objection set forth below:

1.      NBCUNIVERSAL objects to the Subpoena because it was prematurely served before the date discovery was permitted to commence in the above captioned case. On March 2, 2015 the District Court in the above-captioned matter entered a scheduling order that provided that discovery would not commence until Defendant Jim Hood, Attorney General of the State of Mississippi ("Defendant" or "Attorney General Hood"), filed his answer to Google's complaint, which would occur within 14 days after the Court

1

issued a detailed ruling on the issuance of a preliminary injunction. (See March 2, 2015 Order (Dkt. No. 82).) Google's service of the Subpoena on March 13, 2015 was premature under that order, because service of the Subpoena predated both the Court's issuance of its detailed ruling and Defendant's filing of his answer to the complaint, which occurred on March 27 and April 10, respectively. Accordingly, based on the Court's March 2, 2015 Order, NBCUNIVERSAL deems the Subpoena to have been served on the date on which Defendant filed his answer, April 10, 2015.

2.      NBCUNIVERSAL objects to the Subpoena to the extent it seeks documents that are irrelevant, immaterial, and not reasonably calculated to lead to the discovery of relevant and admissible evidence. NBCUNIVERSAL is not a party to the above-referenced action ("Action") and its internal activities and communications are not relevant to the issues in dispute.

3.      NBCUNIVERSAL objects to the Subpoena to the extent that it seeks documents that are protected by the attorney-client privilege or work product privilege; that constitute or disclose mental impressions, conclusions, opinions, legal theories or strategies of any attorney or other representative of NBCUNIVERSAL concerning this or any other matter; or that are protected by any other privilege or immunity recognized by statute or common law. NBCUNIVERSAL further objects to the extent the Subpoena seeks documents protected from disclosure by a joint or common interest privilege among the MPAA and its members or other entities.

4.      NBCUNIVERSAL objects to the Subpoena to the extent that it seeks disclosure of documents the use of which is restricted by state or federal law.

5.      NBCUNIVERSAL objects to the Subpoena to the extent it arises from, relies on, or refers to Google's unauthorized and improper receipt of information that is protected from disclosure by reason of the attorney-client privilege, the attorney work-product doctrine, the joint defense or common interest privilege, or other evidentiary, discovery, or ethical privilege or immunity. The unauthorized receipt of such documents

2

by Google or any third party shall not constitute waiver of the applicable privileges either as to the documents or as to any information the documents contain.

6.      NBCUNIVERSAL objects to the Subpoena to the extent it purports to require NBCUNIVERSAL to draw legal conclusions. NBCUNIVERSAL's response and production of any information shall not be construed as providing a legal conclusion concerning the meaning or application of any terms or phrases used in the Subpoena.

7.      NBCUNIVERSAL objects to the Subpoena to the extent it seeks to invoke the compulsory process powers of the court to deter or punish NBCUNIVERSAL's exercise of its associational, petitioning, and speech rights under the First Amendment to the United States Constitution, and to the extent it seeks information protected from disclosure by those rights.

8.      NBCUNIVERSAL objects to the Subpoena to the extent that its document requests are overbroad, cumulative, duplicative, unduly burdensome and oppressive.

9.      NBCUNIVERSAL objects to the Subpoena to the extent it seeks production of documents or information in the possession, custody, or control of any of the parties to this Action, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.  Such documents and information should be obtained through party discovery (or through more convenient and less burdensome alternative means available) before third-parties are subjected to the burden and expense of a subpoena.

10.      NBCUNIVERSAL objects to the Subpoena to the extent that its document requests are vague, ambiguous, not reasonably limited in temporal scope, and/or lacking sufficient particularity.  To the extent the Requests cover a period subsequent to Google's filing of the Complaint in this Action on December 19, 2014, the Requests are overbroad, unduly burdensome, and seek information neither relevant to this Action nor likely to lead to the discovery of admissible evidence.

11.     NBCUNIVERSAL objects to the Subpoena to the extent that it seeks information protected from disclosure by the right to privacy established by relevant constitutional, statutory, and common law.

12.     NBCUNIVERSAL objects to the Subpoena to the extent it seeks the production of documents in NBCUNIVERSAL's possession that are protected from disclosure by any evidentiary, discovery, or ethical privilege or immunity belonging to any third party.  Nothing contained in these objections is intended, nor shall be in any way construed, as a waiver of any other applicable privilege, immunity, or doctrine belonging to any third party.

13.     NBCUNIVERSAL objects to the Subpoena to the extent that it seeks to impose obligations on NBCUNIVERSAL beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rule or court order.

14.     NBCUNIVERSAL objects to the Subpoena to the extent that it purports to require the production of documents that contain highly sensitive or confidential, commercial and proprietary business information of NBCUNIVERSAL, or seeks information or documents that constitute or disclose highly confidential or proprietary research, development, or other commercial information.  Disclosure of such highly confidential, proprietary business information would put NBCUNIVERSAL at a competitive disadvantage and irreparably harm it in its daily operations and ongoing business dealings with others.

15.     NBCUNIVERSAL objects to the Subpoena to the extent it does not provide a reasonable time for compliance.  NBCUNIVERSAL will produce materials identified in its responses on a mutually agreeable date and at a mutually agreeable location once a protective order that would cover NBCUNIVERSAL's production has been entered.

## FURTHER SUPPLEMENTATION

NBCUNIVERSAL reserves the right to modify, amend, and/or supplement its responses and objections as may become necessary, in accordance with applicable provisions of the Federal Rules of Civil Procedure.

## NON-WAIVER

NBCUNIVERSAL's failure to object to any of Plaintiff's Requests on a particular ground or grounds shall not be construed as a waiver of its rights to object on that or any additional grounds.

## OBJECTIONS TO DEFINITIONS

1.      NBCUNIVERSAL objects to the definitions of "YOU" and "YOUR" as vague, ambiguous, overbroad, and unduly burdensome to the extent they seek production of documents not in NBCUNIVERSAL's possession, custody or control.  Those terms will be construed to mean NBCUNIVERSAL and its employees, and not to include any other entities or persons.

2.      NBCUNIVERSAL objects to the definitions "DAGA," "ATTORNEY GENERAL'S OFFICE," "ATTORNEY GENERAL HOOD," "PLAINTIFF" and "GOOGLE" to the extent the definitions purport to include "agents" because that term is vague, ambiguous, overbroad, unduly burdensome, and/or inconsistent with the Federal Rules of Civil Procedure.

## OBJECTIONS TO INSTRUCTIONS

1.      NBCUNIVERSAL objects to the Subpoena and Instruction C to the extent it would require NBCUNIVERSAL to produce electronically stored information ("ESI") from any source that is not reasonably accessible because of undue burden or cost, including, but not limited to ESI stored on backup tapes maintained for disaster recovery purposes.

2.      NBCUNIVERSAL objects to the Subpoena and Instruction C to the extent any ESI is produced in response to the Requests, different information might be produced

5

in different forms.  One form of production might be appropriate for one category or source, but not for another.  For example, NBCUNIVERSAL may store different information in different forms.  NBCUNIVERSAL's production of ESI as to one category or source in a particular form does not waive any objection to producing different information in that form.

3.     NBCUNIVERSAL objects to the Subpoena and Instruction B requesting a document-by-document privilege log.  It would be unduly burdensome and violate Google's duty to avoid imposing an undue burden on a non-party under Federal Rule of Civil Procedure 45(d)(1) to require NBCUNIVERSAL to create a document-by-document privilege log.

## SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

Subject to and without waiving any of the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated by reference into each of the following responses, NBCUNIVERSAL responds as follows to Plaintiff's Requests for Production of Documents:

## REQUEST NO. 1:

All DOCUMENTS discussing or RELATING TO any monetary or in-kind contributions, payments, donations, gifts or other consideration, given to ATTORNEY GENERAL HOOD by YOU, at YOUR direction or on YOUR behalf.

## RESPONSE TO REQUEST NO. 1:

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, NBCUNIVERSAL objects to this Request because it: (1) is vexatious, harassing, and oppressive; (2) is vague and ambiguous; (3) is overbroad and unduly burdensome; (4) seeks documents not reasonably calculated to lead to the discovery of admissible evidence, such as NBCUNIVERSAL internal communications, if any, regarding NBCUNIVERSAL's consideration of making monetary contributions to political campaigns; (5) seeks documents to which the parties to this Action have equal or

6

greater access, such as publicly accessible information regarding political donations; (6) seeks documents that have already been produced by and/or requested from the parties to this Action; (7) seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, the joint defense or common interest privilege, or any other evidentiary, discovery, or ethical privilege or immunity; (8) seeks documents that contain confidential or proprietary information or trade secrets; (9) seeks documents protected from disclosure by any confidentiality obligation or restriction binding on NBCUNIVERSAL; and (10) seeks production of documents protected by NBCUNIVERSAL's free association and freedom of speech rights under First Amendment.

Notwithstanding the foregoing objections, and upon entry of an appropriate protective order, NBCUNIVERSAL will produce non-privileged documents or a schedule sufficient to show any monetary or in-kind contributions, payments, donations, gifts or other consideration, if any, given to ATTORNEY GENERAL HOOD by NBCUNIVERSAL or on NBCUNIVERSAL's behalf from January 1, 2012 to December 18, 2014.

## REQUEST NO. 2:

All DOCUMENTS discussing or RELATING TO any monetary or in-kind contributions, payments, donations, gifts or other consideration, given to DAGA by YOU, at YOUR direction or on YOUR behalf.

## RESPONSE TO REQUEST NO. 2:

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, NBCUNIVERSAL objects to this Request because it: (1) is vexatious, harassing, and oppressive; (2) is vague and ambiguous; (3) is overbroad and unduly burdensome; (4) seeks documents not reasonably calculated to lead to the discovery of admissible evidence; (5) seeks documents to which the parties to this Action have equal or greater access, such as publicly accessible information regarding political

7

donations; (6) seeks documents that have already been produced by and/or requested from the parties to this Action; (7) seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, the joint defense or common interest privilege, or any other evidentiary, discovery, or ethical privilege or immunity; (8) seeks documents that contain confidential or proprietary information or trade secrets; (9) seeks documents protected from disclosure by any confidentiality obligation or restriction binding on NBCUNIVERSAL; and (10) seeks production of documents protected by NBCUNIVERSAL's free association and freedom of speech rights under First Amendment.

Notwithstanding the foregoing objections, and upon entry of an appropriate protective order, NBCUNIVERSAL will produce non-privileged documents or a schedule sufficient to show any monetary or in-kind contributions, payments, donations, gifts or other consideration, if any, given to DAGA by NBCUNIVERSAL or on NBCUNIVERSAL's behalf from January 1, 2012 to December 18, 2014.

**REQUEST NO. 3:**

All COMMUNICATIONS with ATTORNEY GENERAL HOOD, including all DOCUMENTS attached to, enclosed with, or otherwise transmitted with a COMMUNICATION.

**RESPONSE TO REQUEST NO. 3:**

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, NBCUNIVERSAL objects to this Request because it: (1) is vexatious, harassing, and oppressive; (2) is vague and ambiguous; (3) is overbroad and unduly burdensome; (4) seeks documents not reasonably calculated to lead to the discovery of admissible evidence; (5) seeks documents to which the parties to this Action have equal or greater access; (6) seeks documents that have already been produced by and/or requested from the parties to this Action; (7) seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, the joint defense or

common interest privilege, or any other evidentiary, discovery, or ethical privilege or immunity; (8) seeks documents that contain confidential or proprietary information or trade secrets; (9) seeks documents protected from disclosure by any confidentiality obligation or restriction binding on NBCUNIVERSAL; and (10) seeks production of documents protected by NBCUNIVERSAL's free association and freedom of speech rights under First Amendment to the United States Constitution.

Notwithstanding the foregoing objections, and upon entry of an appropriate protective order, NBCUNIVERSAL will produce any non-privileged communications in its files to which NBCUNIVERSAL employee(s) and Attorney General Hood's Office were parties from January 1, 2012 to December 18, 2014.

**REQUEST NO. 4:**

All COMMUNICATIONS with any ATTORNEY GENERAL'S OFFICE that RELATE TO or REFER TO GOOGLE or "Goliath," "Project Goliath," "Keystone," "Project Keystone," "Attorney General Project," or "State Attorney General Project," including all DOCUMENTS attached to, enclosed with, or otherwise transmitted with a COMMUNICATION.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, NBCUNIVERSAL objects to this Request because it (1) is vexatious, harassing, and oppressive; (2) is vague and ambiguous, particularly with respect to the terms "production company" and "relationship"; (3) is overbroad and unduly burdensome; (4) seeks documents not reasonably calculated to lead to the discovery of admissible evidence, such as communications with state attorneys general other than Attorney General Hood; (5) seeks documents to which the parties to this Action have equal or greater access; (6) seeks documents that have already been produced by and/or requested from the parties to this Action; (7) seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, the joint defense or common interest

9

privilege, or any other evidentiary, discovery, or ethical privilege or immunity; (8) seeks documents that contain confidential or proprietary information or trade secrets; (9) seeks documents protected from disclosure by any confidentiality obligation or restriction binding on NBCUNIVERSAL; and (10) seeks production of documents protected by NBCUNIVERSAL's free association and freedom of speech rights under First Amendment to the United States Constitution.

NBCUNIVERSAL further objects to the Request because it arises from, relies on, and refers to, Google's unauthorized and improper receipt of information that is protected from disclosure by reason of the attorney-client privilege, the attorney work-product doctrine, the joint defense or common interest privilege, or other evidentiary, discovery, or ethical privilege or immunity. The unauthorized receipt of such documents by Google or any third party shall not constitute waiver of the applicable privileges either as to the documents or as to any information the documents contain.

Notwithstanding the foregoing objections, and upon entry of an appropriate protective order, NBCUNIVERSAL will produce any non-privileged communications in its files concerning the identified subject areas to which NBCUNIVERSAL employee(s) and Attorney General Hood's Office were parties from January 1, 2012 to December 18, 2014.

April 24, 2015                              Respectfully submitted,

Scott B. Wilkens
**JENNER & BLOCK LLP**
1099 New York Avenue N.W.
Washington, DC  20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

*Attorney for non-party NBCUniversal Media, LLC*

10

## CERTIFICATE OF SERVICE

I, Scott B. Wilkens, an attorney, certify that on April 24, 2015, I caused a

copy of NON-PARTY NBCUUNIVERSAL MEDIA, LLC'S SUPPLEMENTAL

RESPONSES & OBJECTIONS TO GOOGLE'S SUBPOENA FOR DOCUMENTS to be

sent by U.S. mail, with a copy by electronic mail, to the following:

David H. Kramer
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
dkramer@wsgr.com

*Attorney for Plaintiff Google Inc.*

11