# Exhibit 34



One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1126
PHONE 415.947.2000
FAX 415.947.2099
www.wsgr.com

**Via email**

May 13, 2015

Scott Wilkens
Jenner & Block
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
swilkens@jenner.com

Re:   Google Inc. v. Hood, 3:14-cv-00981-HTW-LRA (S.D. Miss.)

Dear Scott:

This letter is to memorialize and confirm certain of the parties' respective positions taken during the May 11, 2015 meet and confer call regarding the subpoena issued to Twenty-First Century Fox, Inc. ("Fox"), NBCUniversal Media, LLC ("NBCUniversal"), and Viacom, Inc. ("Viacom") represented by Jenner & Block (collectively "the Studios") by Google Inc. in the *Google Inc. v. Hood* litigation pending in the Southern District of Mississippi before Judge Wingate. This letter does not purport to recite everything discussed on our May 11 call but instead focuses on areas where the parties are not in agreement.

Specifically, you indicated that: (1) the Studios have concluded that they will only agree to produce communications to or from Attorney General Hood and his office; and (2) because the Studios have not yet collected or reviewed those documents they have categorically deemed to be irrelevant, you are unable to take positions on potential privilege issues within that larger set of documents.

We respectfully urge the Studios to reconsider. *First*, the subpoena is narrowly tailored to discover highly-relevant documents that provide the factual context for Google's legal claims. The parties know that the Studios, along with their counsel Jenner & Block and other third parties were, and are, intimately involved in the facts giving rise to those claims. While those facts may be uncomfortable, they are nonetheless relevant. Instead of complying with the subpoena, the Studios have agreed to produce the same materials that also would be available from Attorney General Hood. By taking this position, we believe the Studios are delaying full compliance with the subpoena without a sufficient basis.

AUSTIN   BEIJING   BRUSSELS   HONG KONG   LOS ANGELES   NEW YORK   PALO ALTO   SAN DIEGO
SAN FRANCISCO   SEATTLE   SHANGHAI   WASHINGTON, DC   WILMINGTON, DE

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Scott Wilkens
May 13, 2015
Page 2

*Second*, the subpoena issued on March 12, 2015. The Studios have had more than eight weeks to conduct a good faith search for responsive documents so that the parties can discuss these issues in an informed way. By failing to collect and review documents categorically deemed irrelevant, you prevent the parties from identifying and resolving disagreements over privileges and other concerns surrounding these documents. In order to expedite amicable resolution of any disputes, the parties must first be able to evaluate the factual predicates and legal bases for any specific objections to the production of these documents. Again, we are concerned that in taking this position the Studios may unnecessarily delay compliance with the subpoena.

In order to avoid any such delay, we urge you to reconsider your position on the relevance of these documents. We are encouraged that this disagreement will be resolved amicably by your stated willingness on the call to reconsider this position as it applied to the Studios' communications with the Democratic Attorney Generals Association. We hope that you will extend this reconsideration to other responsive communications, such as those between Attorney General Hood and parties other than the Studios which were forwarded to the Studios, or internal communications between the Studios' employees regarding plans to contact Attorney General Hood.

As stated on the call, we have attached documentation showing the relationship between the Moore Law Firm and Attorney General Hood, and we understand that, after reviewing this documentation, you will consider communications with the Moore Law Firm as if they were communications with Attorney General Hood, regardless of your views on the relevance issues identified above.

Again, Google respectfully requests that the Studios reevaluate their positions on relevance. We look forward to speaking to you again on May 15.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Michael H. Rubin

STATE OF MISSISSIPPI



JIM HOOD
ATTORNEY GENERAL

June 29, 2012

Mike Moore
Mike Moore Law Firm, LLC
10 Canebrake Blvd., Ste. 150
Flowood, MS 39232

Dear Mr. Moore:

This letter confirms that the Mississippi Attorney General's Office ("Office") has retained the law firm of Mike Moore Law Firm, LLC ("MMLF") to assist in its investigation of whether Google's practices ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ violate the State's consumer protection laws ("Investigation".) The Office has made the decision to retain outside counsel for this investigation because of the significant resources and technical expertise required.

The Attorney General has the sole authority to decide whether and in what manner to proceed with the Investigation and whether and in what manner to pursue claims discovered during the course of the Investigation. The Attorney General will designate a member of his staff to monitor the Investigation and MMLF will keep the designated staff member fully informed and cooperate on all matters relating to the Investigation. Prior to initiating inquiries or demands of any persons or entities, the Attorney General's Office and MMLF will agree upon entities to be contacted and the Office will review, approve, and issue any subpoenas for documents or testimony.

MMLF recognizes that the Office has sole discretion to determine whether there have been violations of State law and whether to pursue any claims discovered as a result of the Investigation. If the Office decides to proceed with litigation, the Office will enter into a Retainer Agreement with MMLF. That Retainer Agreement will provide, among other things, for the payment of reasonable fees and expenses to MMLF from any recovery in this matter, which will include fees and expenses incurred during the Investigation.

Mike Moore
June 29, 2012
Page 2

In addition,

1. MMLF and its attorneys, Mike Moore, Lee Martin and Jonathan Compretta are hereby designated as Special Assistant Attorneys General to investigate and research possible claims in connection with the investigation. As such, MMLF is hereby deemed an "authorized employee of the Attorney General" and shall thereby be authorized to review any and all documents produced pursuant to Miss. Code Ann. Section 75-24-27.

2. MMLF will refer any press inquiries to the Office for its comment and response.

3. MMLF will maintain the confidentiality of all information and documents obtained during the course of the investigation.

Sincerely,

Geoffrey C. Morgan
Chief of Staff

Acknowledged and agreed to by:

Mike Moore
Mike Moore Law Firm, LLC
Date: 6/29/12