# Exhibit 39

1099 NEW YORK AVENUE NW  SUITE 900  WASHINGTON, DC  20001-4412           JENNER&BLOCK LLP

May 22, 2015

Scott B. Wilkens
Tel  202 639-6072
Fax  202 639-6000
swilkens@jenner.com

**VIA ELECTRONIC MAIL
AND FIRST CLASS MAIL**

Michael Rubin, Esq.
Wilson Sonsini Goodrich & Rosati
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
mrubin@wsgr.com

Re:  *Google v. Hood* Subpoenas

Dear Michael:

I write on behalf of NBCUniversal Media, LLC ("NBCU"), Twenty-First Century Fox, Inc. ("FOX"), and Viacom, Inc. ("Viacom") (collectively the "Non-Parties"), to respond to your May 13, 2015 letter, and certain mischaracterizations of the positions taken during our May 11, 2015 meet and confer.

As the Non-Parties have made clear, the subpoenas are overbroad and unduly burdensome and seek information that is not relevant to Google's lawsuit. Nevertheless, in good faith, the Non-Parties have agreed to produce communications with Attorney General Hood's office, as well as documents sufficient to show any financial contributions the Non-Parties made to Attorney General Hood or to the Democratic Attorney Generals Association. Although your letter asserts that the other types of information sought by the subpoenas is "highly relevant" to Google's lawsuit, the letter does not make any attempt to explain that relevance, and during our meet and confer you were unable to articulate that relevance.

For example, the subpoenas seek the Non-Parties' communications with *all state attorneys general other than Attorney General Hood.* During the meet and confer, you gave a single example of what you believed a highly relevant such communication would be: an email from another state attorney general (not sent to or copying Attorney General Hood) expressing the view that the Communications Decency Act may prevent a state attorney general from investigating Google's conduct. The relevance of even that example is hard to fathom, given that it has nothing to do with Attorney General Hood, or Google's claims against him. Even if

Michael H. Rubin, Esq.
May 22, 2015
Page 2

communications with state attorneys general other than Attorney General Hood had some minimal relevance, the very significant burden of requiring the Non-Parties to search for, review, and produce such documents greatly outweighs any potential relevance. In short, the subpoenas as drafted violate Google's duty under Rule 45(d)(1) to avoid imposing an undue burden or expense on non-parties. Insisting on "full compliance" with the subpoenas, as your letter does, is therefore also inconsistent with Rule 45(d)(1).

Your letter also asks the Non-Parties to consider communications with the Moore Law Firm as if they were communications with Attorney General Hood, based on an attached engagement letter between Attorney General Hood and the Moore Law Firm. However, the attached engagement letter does not support the Non-Parties treating any communications with the Moore Law Firm as communications with Attorney General Hood. As you know, the Moore Law Firm also represents other clients, including the Digital Citizens Alliance ("DCA"), which Google also subpoenaed. To the extent that the Mike Moore Firm engaged in discoverable, non-privileged communications as counsel for Attorney General Hood, rather than as counsel for the DCA or another client, those communications can be obtained from Attorney General Hood and the Mike Moore Firm. There is no basis to seek such communications from the Non-Parties, and it would be unduly burdensome for the Non-Parties to attempt to determine whether, in any particular communication with the Mike Moore Firm, the firm was acting as counsel for the DCA, for Attorney General Hood, or for another client.

As to any other issues raised in your letter, the Non-Parties continue to reserve all of their rights, including their stated and any other applicable objections.

Sincerely,

*Scott B. Wilkens/ker*

Scott B. Wilkens