# Exhibit 43



One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1126

PHONE 415.947.2000
FAX 415.947.2099

www.wsgr.com

**Via email**

May 27, 2015

Scott Wilkens
Jenner & Block
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
swilkens@jenner.com

    Re:    Google Inc. v. Hood, 3:14-cv-00981-HTW-LRA (S.D. Miss.)

Dear Scott:

    Thank you for your letter dated May 21, 2015. We write to respond to a number of the assertions your letter makes about the positions of NBCUniversal Media, LLC ("NBCU"), Twenty-First Century Fox, ("FOX"), and Viacom, Inc. ("Viacom") (collectively the "Studios") and your claims that a number of those positions were mischaracterized. As explained below, we mischaracterized nothing.

    *First*, despite your assertion otherwise, we explained how the documents requested are relevant to Google's claims and Attorney General Hood's assertions, including about his motivations, the legal and factual basis for his actions, and the origin of those actions. Questions of motivation and whose interests were actually being pursued are central to issues in the underlying litigation, such as questions of good faith and whether the Attorney General would have taken action against Google even without prompting from the Studios and others working with them. Google's narrow, targeted requests seek documents that bear directly on these issues.

    As you acknowledge, we attempted to persuade you to change your position, offering as an example communications with other state attorneys general, which will indicate that the Studios and other non-parties attempted to influence multiple attorneys general and settled on Attorney General Hood because he was more willing to pursue an improper investigation. After we explained our reasoning, you stood by your position. It is clear that we are still at that impasse.

    Furthermore, although you continue to make assertions about the burden involved in producing responsive documents, they remain bald assertions. You still have not shown what that

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Scott Wilkens
May 27, 2015
Page 2

burden actually is. You have not provided us with any evidence about the level of review necessary, or how that review might outweigh Google's need for relevant discovery, or whether there are possible ways to minimize any alleged burden through agreed-upon search terms or otherwise.

*Second*, simply asserting that documents might also be in someone else's possession does not justify refusing to produce any documents the Studios have in their possession. You do not dispute that the evidence indicates that the Moore Law Firm acted on behalf of Attorney General Hood. What is clear is that Mr. Moore was not counsel for *your clients*. As to them, he was merely an agent of Attorney General Hood's office. You have agreed to produce communications with his office and there is no basis to exclude communications with his agents.

\* \* \* \* \*

As your letter shows, we continue to be at an impasse on your relevance, burden, and privilege objections. In light of this, and the current deadlines in the action, we are left with no choice but to move to compel your production of the documents sought in Google Inc.'s March 12 subpoena. If you do not inform us, by the close of business Thursday, May 28, 2015, that you will withdraw your objections and produce the requested documents and a detailed privilege log, we will assume you intend to oppose that motion.

Regards,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Michael H. Rubin