# Exhibit 46

1099 NEW YORK AVENUE NW  SUITE 900  WASHINGTON, DC  20001-4412

JENNER&BLOCK LLP

May 28, 2015

Scott B. Wilkens
Tel  202 639-6072
Fax 202 661-4832
swilkens@jenner.com

**VIA ELECTRONIC MAIL**
**AND FIRST CLASS MAIL**

Michael Rubin, Esq.
Wilson Sonsini Goodrich & Rosati
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
dkramer@wsgr.com

Re: *Google v. Hood* **Subpoenas**

Dear Michael:

I write in response to your May 27, 2015 letter, on behalf of NBCUniversal Media, LLC ("NBCU"), Twenty-First Century Fox ("FOX"), and Viacom, Inc. ("Viacom") (collectively the "Non-Parties"). As you know, we have been engaged in a meet and confer regarding Google's subpoenas and the Non-Parties' objections and responses. We do not agree that we have reached an impasse, and we continue to seek explanations from you regarding the relevance of the documents you seek, and whether Google would be willing to narrow its requests in scope to comply with Rule 45. The ultimatum in your May 27, 2015 letter – giving the Non-Parties less than 24 hours to agree to withdraw all of their objections and produce the full breadth of documents Google seeks or face a motion to compel – is not a good faith effort to meet and confer, particularly given Google's failure to offer or apparently even consider a narrowing of the subpoena requests. The Non-Parties are willing to consider further and discuss the issues raised in your letter and prior correspondence to see if we can come to an agreement.

As we have made clear in prior correspondence, in a good faith effort to avoid motions practice, the Non-Parties have agreed to, and stand ready to, produce responsive documents, consistent with the Non-Parties' objections and responses. The Non-Parties will produce these documents by June 2, 2015. Such production absent a protective order would be without prejudice to, and is not intended to waive, any confidentiality interests in any other documents

Michael H. Rubin, Esq.
May 28, 2015
Page 2

Google seeks from the Non-Parties or the MPAA, which would require entry of an appropriate protective order prior to such documents being produced.

Sincerely,

*[signature]*

Scott B. Wilkens