# Exhibit 52

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**GOOGLE, INC.**                                                                 **PLAINTIFF**

**VS.**

                                               **CIVIL ACTION NO. 3:14cv981-HTW-LRA**

**JIM HOOD, ATTORNEY GENERAL**
**OF THE STATE OF MISSISSIPPI,**
**IN HIS OFFICIAL CAPACITY**                                    **DEFENDANT**

## ORDER

Pursuant to Federal Rule of Civil Procedure 65(b)[1], plaintiff Google, Inc. ("Google") has moved for a temporary restraining order and a preliminary injunction to enjoin Jim Hood, Attorney General of the State of Mississippi (the "Attorney General") from: (a) enforcing the Administrative Subpoena and Subpoena Deuces Tecum (the "Subpoena") issued by the Attorney General and served on Google on October 27, 2014 (returnable January 5, 2015); or (b) bringing a civil or criminal charge against Google under Mississippi law for making accessible third-party content to Internet users (as threatened).

Google relies upon the Communication Decency Act of 1996 ("CDA")[2]; the First[3] and Fourteenth[4] Amendments; the Fourth[5] Amendment; the Copyright Act[6], including the Digital Millennium Copyright Act[7]; and the Food, Drug, and Cosmetic Act[8].

---

[1] Rule 65(b) of the Federal Rules of Civil Procedure states: "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

[2] Title 47 U.S.C. § 230(b)(2) states: "It is the policy of the United States . . . to preserve the vibrant and competitive free market that presently exists for the Internet and other interactive computer services, unfettered by Federal or State regulation."

1

---

[3] U.S. CONST. amend. I states, in its pertinent part: "Congress shall make no law . . . abridging the freedom of speech, or of the press."

[4] U.S. CONST. amend. XIV, § 1 states:
> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

[5] U.S. CONST. amend. IV, states:
> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

[6] Title 17 U.S.C. § 301(a) states:
> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

[7] Title 17 U.S.C. § 512(d) states, in its pertinent part:
> A service provider shall not be liable for monetary relief . . . for injunctive or other equitable relief, for infringement of copyright by reason of the provider referring or linking users to an online location containing infringing material or infringing activity, by using information location tools, including a directory, index, reference, pointer, or hypertext link, if the service provider--
>   (1)(A) does not have actual knowledge that the material or activity is infringing;
>     (B) in the absence of such actual knowledge, is not aware of facts or circumstances from which infringing activity is apparent; or
>     (C) upon obtaining such knowledge or awareness, acts expeditiously to remove, or disable access to, the material;
>   (2) does not receive a financial benefit directly attributable to the infringing activity, in a case in which the service provider has the right and ability to control such activity; and
>   (3) upon notification of claimed infringement as described in subsection (c)(3), responds expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity . . . .

[8] Title 21 U.S.C. § 337(b)(1) states:
> A State may bring in its own name and within its jurisdiction proceedings for the civil enforcement, or to restrain violations, of section 341 [relating to defining food standards], 343(b) [relating to misbranding food], 343(c) [relating to imitation of another food], 343(d) [relating to misleading containers], 343(e) [relating to misbranding food packaging],

2

This Court is satisfied that it has subject matter jurisdiction under Title 28 U.S.C. § 1331[9], otherwise known as "federal question" subject matter jurisdiction, which provides federal district courts with subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

Before issuing an order for Injunctive Relief, the Court's must study the pleadings and apply the standard enunciated in *Canal Auth. v. Callaway*, 489 F.2d 567 (5th Cir. 1974), and its progeny. As directed by these legion of cases, the Court contemplate the following: whether the movant, here Google, Inc., has a substantial likelihood of prevailing on the merits; whether the movant will suffer substantial and irreparable harm if its requested relief is not granted; whether a temporary restraining order and/or preliminary injunction would injure the defendant, here the Attorney General for the State of Mississippi; and whether an injunction would further the public interest.

This Court is persuaded that Google has satisfied its burden; thus, this Court grants the Injunctive Relief. By doing so, this Court is not forecasting any ultimate ruling on the merits.

The parties have agreed upon the following in view of the Court's ruling above[10]: within ten days the Court shall publish a detailed ruling on the issuance of the injunction;

---

343(f) [relating to prominence of information on packaging], 343(g) [relating to representation as to definition and standard of identity], 343(h) [relating to representations of standard of quality], 343(i) [relating to lack of representation on label], 343(k) [relating to use of artificial flavoring, coloring or chemical preservatives], 343(q) [relating to nutritional information], or 343(r) [relating to nutritional levels and health-related claims] of this title if the food that is the subject of the proceedings is located in the State.

[9] Title 28 U.S.C. § 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[10] Should one compare the directives set forth below with the directive enunciated by the parties and the Court during the hearing, the reader will notice some slight variations. This Court

thereafter the defendant shall have 14 days to file his answer to the Complaint; the parties shall be permitted 90 days for discovery from the date of the filing of defendant's answer; the parties shall designate experts and shall file any amendments of the Complaint and/or answer within 30 days of the beginning of discovery; the parties are free to utilize all discovery approaches, including depositions, requests for admissions, interrogatories, production of documents, etc., as allowed under the Rules of Federal Civil Procedure; and the parties are directed to file dispositive motions within 30 days after the close of discovery.

Once the dispositive motions have been fully briefed and submitted, this Court will schedule oral arguments. The parties are directed to contact the Court two weeks prior to oral arguments to advise the Court whether any party at oral argument will be relying upon the presentation of any live witness testimony.

This Court does not require Google, the moving party, to post any security. This matter will be adjudicated quickly; so, this Court sees no need for the requirement of security.

**SO ORDERED** this 2nd day of March, 2015.

s/ HENRY T. WINGATE<br>
UNITED STATES DISTRICT COURT JUDGE

---

decided upon these slight modifications after reconsidering the affected and interrelated time periods.