**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| _____ ) | |
| GOOGLE INC., ) | |
|  ) | Case No. 1:15-mc-00150-P1 |
| Petitioner, ) | |
| v. ) | **ECF CASE** |
|  ) | |
| TWENTY-FIRST CENTURY FOX, INC., ) | CASE IN OTHER COURT: |
| NBCUNIVERSAL MEDIA, INC., and ) | No. 3:14-cv-00981-HTW-LRA |
| VIACOM, INC., ) | (S.D. Miss.) |
| Respondents. ) | |
| _____ ) | |

**MEMORANDUM OF LAW IN OPPOSITION TO GOOGLE INC.'S**
**RULE 45(f) MOTION TO TRANSFER**

Scott B. Wilkens (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC 20001-4412
Phone: (202) 639-6072
Fax: (202) 639-6066
Email: swilkens@jenner.com

*Attorney for Respondents Twenty-First Century Fox, Inc.*, *NBCUniversal Media, Inc.*, and *Viacom Inc.*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES..................................................................................................ii

INTRODUCTION...............................................................................................................1

STATEMENT OF FACTS...................................................................................................2

    A.  The Mississippi Action ..........................................................................................2

    B.  Google's Subpoenas to the Non-Parties ...............................................................3

ARGUMENT .......................................................................................................................6

    A.  Google's Motion to Compel Against AG Hood filed in Mississippi Does Not
        Constitute an "Exceptional Circumstance"............................................................7

    B.  The Fact that the Subpoenaed Parties Assert A Relevance Objection Is Not An
        "Exceptional Circumstance" ...................................................................................9

    C.  Google's Campaign Of Serving Subpoenas In Numerous Jurisdictions Is Not An
        "Exceptional Circumstance."..................................................................................11

    D.  The Subpoenaed Parties' "Sophistication" Does Not Support Transfer...........................14

CONCLUSION ..................................................................................................................16

# TABLE OF AUTHORITIES

CASES

*Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-cv-708, 2014 WL 4079555 (D. Nev.
Aug. 15, 2014) ..................................................................................................11, 15

*CMB Expert LLC v. Atteberry*, No. 3:14-mc-51-B-BN, 2014 WL 2197840 (N.D. Tex.
May 27, 2014).................................................................................................6, 9, 15

*Federal Home Loan Mortgage Corp. v. Deloitte & Touche LLP*, No. 15-mc-568, __ F.
Supp. 3d __, 2015 WL 3413540 (D.D.C. May 28, 2015).........................................10

*FTC v. A+ Financial Center, LLC*, No. 1:13-mc-50, 2013 WL 6388539 (S.D. Ohio Dec.
6, 2013) .................................................................................................................9

*Garden City Employees' Retirement System v. Psychiatric Solutions, Inc.*, No. Misc. A.
13-238, 2014 WL 272088 (E.D. Pa. Jan. 24, 2014)............................................9, 15

*Judicial Watch, Inc. v. Valle Del Sol, Inc.*, No. CV 14-MC-0538, 2014 WL 4954368
(D.D.C. Oct. 3, 2014)......................................................................................10, 15

*Music Group Macao Commercial Offshore Ltd v. Does*, No. 14-mc-80328-LB, __ F.
Supp. 3d __, 2015 WL 930249 (N.D. Cal. Mar. 2, 2015) ......................................14

*Patriot National Insurance Group v. Oriska Insurance Co.*, 973 F. Supp. 2d 173
(N.D.N.Y. 2013) ....................................................................................................11

*In re Subpoena to Kia Motors America, Inc.*, No. SACV 14-315 JLS (RNBx), 2014 WL
2118897 (C.D. Cal. Mar. 6, 2014) .................................................................... 14-15

*Woods ex rel. United States v. SouthernCare, Inc.*, 303 F.R.D. 405 (N.D. Ala. 2014)..................9

*Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38 (D.D.C. 2014) ........................................11

*XY, LLC v. Trans Ova Genetics, L.C.*, No. 1:14-mc-778, __ F.R.D. __, 2014 WL 4437728
(D.D.C. Sept. 10, 2014) ...................................................................................11, 15

OTHER AUTHORITIES

Committee on Rules of Practice & Procedure, Report of the Civil Rules Advisory
Committee (2011), *available at* http://www.uscourts.gov/rules-
policies/archives/committee-reports/advisory-committee-rules-civil-procedure-may-
2011.......................................................................................................................6

Fed. R. Civ. P. 45(a)(2)........................................................................................6

Fed. R. Civ. P. 45(d)(2)(B)(i) .................................................................................6

Fed. R. Civ. P. 45(f) ........................................................................................................1, 6

Fed. R. Civ. P. 45 Advisory Committee Notes, 2013 Amendments .............................2, 6

*Google New York*, *available at* https://www.google.com/about/careers/locations/new-
   york/ (last visited June 22, 2015) ...........................................................................16

9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2451 (3d
   ed. Supp. 2015) ..........................................................................................................7

Respondents Twenty-First Century Fox, Inc., NBCUniversal Media, Inc., and Viacom Inc. (collectively "the Subpoenaed Parties") respectfully oppose the Rule 45(f) Motion to Transfer brought by Petitioner Google Inc. ("Google").

## INTRODUCTION

Google served overbroad and unduly burdensome subpoenas on the Subpoenaed Parties in an effort to drag them into Google's lawsuit against Mississippi Attorney General Jim Hood ("AG Hood"), currently pending in federal district court in Jackson, Mississippi. Although the subpoenas were objectionable on numerous grounds, the Subpoenaed Parties responded in good faith and agreed to produce all requested documents that could even arguably be relevant to Google's lawsuit, including documents Google could and should have obtained directly from AG Hood. Despite the Subpoenaed Parties' efforts to avoid motion practice and continue to meet and confer, Google ran to this Court with a motion to compel, failing to disclose that the Subpoenaed Parties had already agreed to produce documents the very next day. Now Google seeks to embroil the Subpoenaed Parties further still in the underlying litigation by moving to transfer the motion to compel to Mississippi.

Google does not come close to demonstrating "exceptional circumstances," which is required to warrant transfer from this Court to Mississippi. Fed. R. Civ. P. 45(f). For example, Google argues that transfer is appropriate here because the Subpoenaed Parties object to the Subpoenas on relevance grounds and because Google chose to issue subpoenas in three different jurisdictions and has already moved to compel in two of them. But the discovery dispute in this case is straightforward, collateral to the issues in the Mississippi action, and poses no risk of interfering in the management of the Mississippi action. Under Rule 45(f), the Court's "prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not

1

be assumed that the issuing court is in a superior position to resolve subpoena-related motions." *Id.* Advisory Committee Notes, 2013 Amendments, Subsection (f) (hereinafter "Advisory Comm. Notes").   The Subpoenaed Parties have a protected interest "in obtaining local resolution" of Google's motion to compel, and this Court should accordingly deny Google's motion to transfer.  *Id.*

### STATEMENT OF FACTS

### A.  The Mississippi Action[1]

After years of unfruitful efforts to work with Google to address consumer protection concerns regarding a range of unlawful activities that occur through the use of Google's services, including sales of street drugs, sales of fake passports and other forms of identification, and rampant piracy of intellectual property, Mississippi Attorney General Jim Hood ("AG Hood") served Google with a civil investigative demand under state law on October 27, 2014. Subpoenaed Parties' Memorandum of Law in Opposition to Google Inc.'s Rule 45 Motion to Compel Compliance with Subpoena 3-5, Dkt. 16 ("Opp. to Motion to Compel").  In response, Google sued AG Hood in December 2014 in the U.S. District Court for the Southern District of Mississippi (the "Mississippi Court"), seeking a temporary restraining order and a preliminary injunction.  *Id.* at 5.  Google argued that:

- AG Hood had issued his October 27 subpoena in bad faith, purportedly in retaliation for Google continuing to engage in what it claims is constitutionally protected speech, and therefore in violation of Google's First Amendment rights.

- The AG's actions were precluded by a number of federal statutes, including the Communications Decency Act of 1996, the Federal Copyright Act, the Digital Millennium Copyright Act, and the Food, Drug, and Cosmetic Act.

---

[1] The Subpoenaed Parties discuss here only those procedural facts that are relevant to the Motion to Transfer.  The Subpoenaed Parties' Memorandum of Law in Opposition to Google Inc.'s Rule 45 Motion to Compel Compliance with Subpoena, Dkt. 16, provides a more complete description of the underlying facts.

- The AG violated Google's Fourth Amendment rights by issuing an overly broad subpoena seeking information related to Google's purportedly "immunized" conduct.

MS Dkt. 3.[2]

On March 2, the Mississippi Court granted Google's motion for a preliminary injunction. Notably, at the hearing on the preliminary injunction, the Mississippi Court observed that "Google constantly has stated in its papers that this action seems to have been pushed by the Hollywood industry" but "I can't think of why it would be germane to a ruling by the court." MS Dkt. 83 at 73 (PI Hearing Transcript).

AG Hood appealed to the United States Court of Appeals for the Fifth Circuit, but discovery in the Mississippi Court is ongoing.[3] Opp. to Motion to Compel at 6.

In the course of document discovery in the Mississippi Action, AG Hood provided Google with two privilege logs identifying twenty-one documents that AG Hood has withheld in whole or in part on privilege grounds. MS Dkt. 100-1 at 13-14, 80-83. None of the privilege log entries lists the Subpoenaed Parties as recipients. *Id.* On April 22, Google filed a motion to compel against AG Hood, challenging his assertions of privilege over those documents, *see* MS Dkt. 100, and the Mississippi Court ordered an *in camera* review, s*ee* MS. Dkt. Minute Entry of May 19, 2015, which remains ongoing. Google's motion to compel against AG Hood is completely unrelated to its motion to compel against the Subpoenaed Parties, who, as described below, have not withheld any documents on privilege grounds.

B. **Google's Subpoenas to the Non-Parties**

Google forced the Subpoenaed Parties into the Mississippi litigation when, on March 13, 2015, it served the Subpoenas on them. Declaration of Michael H. Rubin in Support of Google's

---

[2] All citations to "MS Dkt." refer to the docket in *Google Inc. v. Hood*, Case No. 3:14-cv-00981-HTW-LRA (filed S.D. Miss. Dec. 19, 2014).

[3] Google has sought and received an extension in the discovery schedule. MS Dkt. 130, 133.

Motion to Compel ("Rubin Decl.") Exs. 3-5. The same day, Google served subpoenas on the Motion Picture Association of America ("MPAA"), of which the Subpoenaed Parties (or their subsidiaries) are members, on MPAA's outside counsel, Jenner & Block LLP, and on another non-party, the Digital Citizens Alliance ("DCA"). *Id.*, Exs. 1–2, 6.

The three subpoenas issued to Respondents Twenty-First Century Fox, Inc., NBCUniversal Media, Inc., and Viacom Inc., and currently before this Court on Google's motion to compel, are identical. Rubin Decl., Exs. 3–5. However, they are substantially different from the subpoenas Google issued to MPAA, Jenner, and DCA, which contain none of the same requests. Rubin Decl., Exs. 1-2. The three identical subpoenas to the Subpoenaed Parties seek the following categories of documents:

- **Request Nos. 1 & 2:** All documents discussing or relating to monetary or in kind contributions given to AG Hood or the Democratic Attorney Generals' Association ("DAGA"). Rubin Decl. Exs. 3–5.

- **Request No. 3:** All communications with AG Hood, regardless of subject matter. *Id.*

- **Request No. 4:** All communications with any Attorney General's Office of any U.S. state or territory that relate to or refer to Google, "Goliath," "Project Goliath," "Keystone," "Project Keystone," "Attorney General Project," or "State Attorney General Project." *Id.*

The Subpoenaed Parties timely objected to the Subpoenas on several grounds, including that they were served before discovery commenced in the Mississippi action, that they seek irrelevant documents, that they are overbroad, and that they would impose an undue burden. *See* Rubin Decl. Exs. 7, 12, 29–31. Nonetheless, the Subpoenaed Parties agreed to produce, by June 2, 2015, two categories of documents: (1) documents or a schedule sufficient to show any contributions the Subpoenaed Parties made to AG Hood or DAGA from January 1, 2012 to December 18, 2014, the day before Google filed its suit against AG Hood; and (2) any non-

4

privileged communications the Subpoenaed Parties had with AG Hood during the same period. *Id.* Exs. 29–31.[4]

The Subpoenaed Parties declined to search for, review, or produce documents that AG Hood never saw, including internal communications about contributions to AG Hood or DAGA, and communications with the offices of any *other* attorneys general of the forty-nine other states or territories that did *not* include AG Hood or his staff. As the Subpoenaed Parties explained in their only meet-and-confer with Google, such documents are completely irrelevant to the underlying litigation. Opp. to Motion to Compel at 8-9. Indeed, Google has itself represented to the Mississippi Court that its suit against AG Hood is primarily a dispute of law in which there is not really a dispute on the facts. Rubin Decl. Ex. 53 at 6; MS Dkt. 129 at 3.

On May 27, Google gave the Subpoenaed Parties a 24-hour ultimatum to withdraw *all* of their objections to the Subpoenas and agree to produce *all* requested documents, or face a motion to compel. Rubin Decl. ¶ 16 & Ex. 43. Although the Subpoenaed Parties made clear that they would produce the documents they had agreed to produce by June 2 even in the absence of a protective order, and that they wanted to continue to meet and confer, Google ran to court and filed its motion to compel on June 1. Opp. to Motion to Compel at 10. In so doing, Google did not inform the Court that the Subpoenaed Parties had committed to produce documents the following day, which mooted part of Google's motion, and that the Subpoenaed Parties wanted to continue the meet and confer, which had consisted of a single phone call and an exchange of letters. *Id.* Google also filed motions to compel against the MPAA, Jenner, and DCA in the District of Columbia, but those motions raise substantially different issues because those

---

[4] The first category of documents is responsive to Google's first two requests, and the second category of documents is responsive not just to Google's third request, but also to the other three requests, to the extent that the Subpoenaed Parties communicated with AG Hood about campaign contributions to him or DAGA, and to the extent AG Hood was copied on communications with the attorneys general of other U.S. states and territories.

subpoenas contain different requests.  *See Google, Inc. v. Digital Citizens Alliance et al.*, Case No. 1:15-mc-00707-JEB-DAR (D.D.C., June 1, 2015) Dkt. 4, 5; Rubin Decl. Exs. 1-2, 6.

As promised, the Subpoenaed Parties produced documents on June 2, including all of their communications with AG Hood or his staff during the relevant period, as well as schedules sufficient to show any contributions to AG Hood or DAGA during the relevant period.  No communications between the Subpoenaed Parties and AG Hood were withheld on the basis of privilege or otherwise.  Opp. to Mot. to Compel at 10-11.

Google filed its Rule 45(f) Motion to Transfer on June 4, 2015.

## ARGUMENT

Federal Rule of Civil Procedure 45 provides that whereas subpoenas are *issued* from the "court where the action is pending" (*i.e.*, in the Southern District of Mississippi), they are *enforced* through motions to compel in "the district where compliance is required" (*i.e.*, in this Court).  Fed. R. Civ. P. 45(a)(2), (d)(2)(B)(i).  Rule 45(f) provides a narrow exception to that principle:  a court may transfer a motion to compel discovery to the issuing court only in "exceptional circumstances," unless the non-party consents.  Fed. R. Civ. P. 45(f).  The party seeking the transfer—here, Google—bears the burden of showing that "exceptional circumstances" exist, and in assessing whether that standard has been met, "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." Advisory Comm. Notes; *see also CMB Expert LLC v. Atteberry*, No. 3:14-mc-51-B-BN, 2014 WL 2197840, at *1 (N.D. Tex. May 27, 2014).  In fact, the "exceptional circumstances" standard was selected "to ensure that transfer was a rare event."[5]  As a result, the district court where

---

[5] Comm. on Rules of Practice & Procedure, Report of the Civil Rules Advisory Committee 145 (2011), *available at* http://www.uscourts.gov/rules-policies/archives/committee-reports/advisory-committee-rules-civil-procedure-may-

compliance is required should rule on a motion to compel "in all but the rarest cases."  9A Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 2451, 97-98 (3d ed. Supp. 2015).

Google has not established that this is one of the "rarest cases" in which a motion to compel should be transferred.  Wright & Miller, § 2451.  To the contrary, Google's arguments would transform nearly every case into an "exceptional" one, eviscerating the deliberate policy choice in Rule 45 that local resolution of third-party subpoenas should be the norm rather than the exception.  A transfer to the Mississippi Court would only compound the undue burdens that Google already has imposed on the Subpoenaed Parties, by depriving them of obtaining "local resolution of the motion."  Advisory Comm. Notes.  Of course, the Subpoenaed Parties and Google all have extensive operations here in New York City, making litigation before this Court convenient for all parties.  Moreover, this Court is well-positioned to decide the limited disputes regarding Google's motion to compel, which would in no way impact – much less "threaten" – the Mississippi Court's "management of the underlying litigation."  *Id.*

A. <u>Google's Motion to Compel Against AG Hood Filed in Mississippi Does Not Constitute an "Exceptional Circumstance."</u>

Google first contends that its motion to compel the Subpoenaed Parties should be transferred because Google has filed a motion to compel against AG Hood in Mississippi that "implicates many of the same privilege issues raised by the Motion to Compel here." Memorandum of Law in Support of Google Inc.'s Rule 45(f) Motion to Transfer ("Transfer MOL") 7.  Google also contends that the Subpoenaed Parties claim the "same privileges" as those at issue in Google's motion to compel against AG Hood, and "presumably over many of the same documents."  *Id.*  That is not only incorrect but also misleading.  In fact, there is no

---

2011 (explaining that "[t]he basic objective" for the standard for transfer "is to ensure that transfer is a rare event"); *see also* Wright & Miller § 2541.

overlap whatsoever between the two motions.  Whereas Google's motion against AG Hood focuses on his assertions of privilege over certain specific documents in his possession, the Subpoenaed Parties have produced every one of their communications with AG Hood and have not withheld *a single document* based on privilege.  Indeed, the AG Hood privilege log entries being challenged by Google in its motion to compel do not identify any of the Subpoenaed Parties as a recipient.  MS Dkt. 100-1 at 13-14, 80-83.  Thus, no privilege issues are currently before *this* Court and Google has no basis for asserting that the Subpoenaed Parties are withholding as privileged "many of the same documents" as AG Hood.

To be sure, there are categories of documents the Subpoenaed Parties have declined to search for, review, and produce, and those documents are the subject of the motion to compel before this Court.  But the categories of documents not produced are those that were never seen by AG Hood or his staff, and thus by definition are not at issue in Google's motion to compel against AG Hood – namely, internal Subpoenaed Party documents regarding any contributions to AG Hood or DAGA, and Subpoenaed Party communications with state attorneys general *other than AG Hood*.[6]

Thus, there is no evidentiary or analytical overlap between the Mississippi motion to compel and the motion to compel Google filed in this Court.[7]  Therefore the former provides no

---

[6] With respect to these categories of documents, the Subpoenaed Parties have reserved their rights to assert privilege.  But because the Subpoenaed Parties have declined to search for, review, and produce these documents on other bases, including relevance, overbreadth, and undue burden, any privilege claims as to these documents are not currently before this Court.  Opp. to Motion to Compel 24-25.  And even if they were, there would be no overlap with the privilege issues in Google's motion to compel against AG Hood, which concerns only documents AG Hood actually saw.

[7] Google also contends that transfer is appropriate because the Mississippi Court will have to resolve a dispute as to whether the Subpoenas were timely served.  Transfer MOL 8 n.8.  That argument, too, misses the mark.  Although the Subpoenaed Parties contend that the Subpoenas were served too early – before discovery opened – they nonetheless provided objections to Google within fourteen days of service, provided supplemental objections and responses on April 24, engaged in a meet and confer on May 11, and produced documents on June 2.  Opp. to Motion to Compel 7-11.  Thus, there is no dispute for this Court or the Mississippi Court to resolve regarding the timeliness of the Subpoenas or the Subpoenaed Parties' objections and responses thereto.

colorable basis to transfer the latter to Mississippi.  *See Garden City Emples. Ret. Sys. v. Psychiatric Solutions, Inc.*, No. Misc. A. 13-238, 2014 WL 272088, at *3 (E.D. Pa. Jan. 24, 2014) (transfer proponent "has not shown the [issuing] court has ruled on discovery issues similar to the issues raised by the instant motion").[8]  And even if there were some tangential relationship between the Mississippi and S.D.N.Y. motions, such relationship would still be insufficient to establish "extraordinary circumstances" justifying transfer.  *See CMB Expert LLC*, 2014 WL 2197840, at *2 (finding "tangentially related motions" pending before issuing court was not an exceptional circumstance warranting a Rule 54(f) transfer).  Otherwise, the exception would swallow the rule in any case in which the parties were themselves litigating discovery issues in the forum court.

> ### B.   The Fact that the Subpoenaed Parties Assert A Relevance Objection Is Not An "Exceptional Circumstance."

Google next argues that the Subpoenaed Parties' relevance objections constitute an "exceptional circumstance" justifying transfer.  Transfer MOL 8.  That argument fails.  Nearly every opposition to a motion to compel will involve a challenge to the subpoena on the basis of relevance.  If a relevance objection is sufficient to send a motion to compel packing back to the issuing court, then there would rarely be a motion to compel that would *not* be transferred back to the issuing court, which would contravene Rule 45's requirement that such transfers are appropriate only in "exceptional circumstances."   *See Woods ex rel. United States v. SouthernCare, Inc.*, 303 F.R.D. 405, 408 (N.D. Ala. 2014) (holding that although "some of the issues that will arise in resolving the motions to quash will also arise in the underlying litigation,

---

[8] The cases Google cites in favor of transfer "when the issuing court is already considering related issues in another motion to compel pending before it," are therefore inapposite.  Transfer MOL 7.  For example, in *FTC v. A+ Financial Center, LLC*, No. 1:13-mc-50, 2013 WL 6388539 (S.D. Ohio Dec. 6, 2013), the court found "exceptional circumstances" under Rule 45(f) where a motion to compel against the same non-party seeking similar items, and a motion for a protective order by that same non-party, were already pending before the court handling the underlying litigation.  *Id.* at *3.

because [the] motion in particular raises concerns of relevance . . . such overlap is an insufficient reason, standing alone, to warrant transfer of the motions").  Indeed, Google's argument would open the door to precisely the type of harassment of non-parties that Rule 45 was designed to avoid: a party could serve irrelevant subpoenas to non-parties with only a tangential relationship to the litigation, and once those non-parties assert relevance objections, the issuing party could argue that such objections are a basis to transfer Rule 45 motions to compel to the issuing court.

Nor does the Subpoenaed Parties' relevance objection raise complex questions that could constitute "exceptional circumstances" warranting transfer.  The Mississippi Action is not a complex case in which significant judicial effort is necessary to understand the causes of action and issues in dispute.  Google's First Amendment retaliation claim is extremely simple: Google claims that its search engine results constitute protected speech, and that AG Hood retaliated against Google for that speech.  The Subpoenaed Parties' relevance objection is similarly straightforward: documents that AG Hood or his staff never saw are irrelevant to his state of mind.  Resolving that objection will require "a mere relevancy determination" without "nuanced legal analysis based on a full understanding of the [u]nderlying [a]ction." *Fed. Home Loan Mortg. Corp. v. Deloitte & Touche LLP*, No. 15-mc-568, __ F. Supp. 3d __, 2015 WL 3413540, at *2 (D.D.C. May 28, 2015).

By contrast, the cases cited by Google (Transfer MOL 8-10) present precisely the types of "exceptional circumstances" that are absent here.  Google cites a case in which the issuing court had four years to get to know the underlying case, which involved "innumerable discovery disputes (including several involving clients of [the subpoenaed entity]," *Judicial Watch Inc. v. Valle Del Sol, Inc.*, No. 14-mc-538, __ F.R.D. __, 2014 WL 4954368, at *4 (D.D.C. Oct. 3, 2014) (quotation marks omitted); a case in which the subpoenaed non-party was in the process of

purchasing a party to the underlying action and thus had "ongoing involvement" in the underlying action, *see XY, LLC v. Trans Ova Genetics, L.C.*, No. 1:14-mc-778, __ F.R.D __, 2014 WL 4437728, at *1 (D.D.C. Sept. 10, 2014); a case in which the district court presiding over the underlying action was also presiding over "at least three other cases brought by the same plaintiff raising the same claims against other defendants," *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-cv-718, 2014 WL 4079555, at *7 (D. Nev. Aug. 15, 2014); and a case in which the underlying litigation in this Court had been pending for five years and was "highly complex and intricate," and in which the presiding judge of this Court had become "intimately involved" in the key issue to be litigated in the motion to quash being transferred, *Wultz v. Bank of China Ltd.*, 304 F.R.D. 38, 40, 45-47 (D.D.C. 2014).  These cases stand in marked contrast to the run-of-the-mill relevance dispute at issue here.[9]

      C.  <u>Google's Campaign Of Serving Subpoenas In Numerous Jurisdictions Is Not An "Exceptional Circumstance."</u>

Google observes that it has served eight subpoenas in the underlying action: three in this District, four in the District of Columbia, and one in the Northern District of California.  Transfer MOL at 9.  It speculates that multiple courts might render inconsistent rulings and therefore tries to force all non-parties to go to the Southern District of Mississippi.  Google effectively asks this Court to reward it for the sheer number of burdensome and overbroad subpoenas it issued seeking irrelevant information.  *See* MS Dkt. 83 at 73 (PI Hearing Transcript) (Wingate, J.) (noting that "Google constantly has stated in its papers that this action seems to have been

---

[9] Google also cites a case decided in September 2013 before the new Rule 45(f) came into effect, *Patriot National Insurance Group v. Oriska Insurance Co.*, 973 F. Supp. 2d 173 (S.D.N.Y. 2013).  Transfer MOL at 8.  Even in that case, which has little if any relevance here, the court based its decision to transfer a motion to compel on the fact that the court in the underlying action had "extensive involvement" in the case and had decided multiple motions, including a motion for partial summary judgment, and thus was in a better position to assess relevance issues. *Patriot National Ins. Group*, 973 F. Supp. 2d at 176.

pushed by the Hollywood industry" but remarking that "I can't think of why it would be germane to a ruling by the court.").

The mere issuance of subpoenas followed by motions to compel in multiple districts is not, and cannot, be sufficient to justify a transfer to the district where the underlying action is pending.  This Court should not allow Google (and, in the future, other litigants) to manufacture "exceptional circumstances" simply by serving multiple subpoenas in multiple jurisdictions and then pursuing motions to compel in multiple judicial districts.

That is particularly true here, where the need for multiple subpoenas is dubious.  Google itself has stated that its Mississippi Litigation involves "a legal question, squarely answered by the Constitution and the Communications Decency Act," and "what little fact development needs to be done pertains primarily to the Attorney General's own conduct and motivation."  MS Dkt. 129 at 3.  Discovery into AG Hood's "conduct and motivation" logically ought to be directed at the Attorney General, rather than at third parties.  And surely there was no need to subpoena Twenty-First Century Fox, Inc., NBCUniversal Media, Inc., and Viacom Inc., as well as the MPAA, its counsel Jenner, DCA, and another law firm, Orrick, Herrington & Sutcliffe LLP.  Google told the Mississippi Court that it anticipated only "targeted" discovery (MS Dkt. 84 at 5, 7 (Hearing Transcript)), and the fact that Google has now taken aim at so many different targets suggests a tactical ploy to create arguments for transfer, rather than any real need for discovery.

In any event, Google has not explained why the fact that there are motions pending in two districts establishes any risk of inconsistent rulings that would somehow interfere with the Mississippi Court's ability to resolve Google's claims against the Attorney General.  Neither this Court nor the District Court for the District of Columbia will be making any ruling on the substance of Google's Mississippi claims.  And Google's notion that there is some risk of

inconsistent discovery rulings ignores the fact that Google's District of Columbia subpoenas are different from its subpoenas issued to Twenty-First Century Fox, Inc., NBCUniversal Media, Inc., and Viacom Inc.  None of the four document requests in the Subpoenas before this Court appear in Google's subpoenas to the MPAA, Jenner, and DCA ("D.D.C. Subpoenas").  *Compare* Rubin Decl. Exs. 1-2, 6 *with id.*, Exs. 3-5.  In some respects, the D.D.C. Subpoenas are broader, in that they seek documents that "relate to or refer to" Google or AG Hood.  Rubin Decl. Exs. 1-2, 6 (Request Nos. 1 and 3).  The Subpoenas before this Court do not include such requests.  In other respects, the D.D.C. Subpoenas are narrower: they do not seek – as Google seeks here – "all communications with Attorney General Hood," even if they in no way relate to Google, as well as "all communications with any Attorney General's office" that relate to Google, regardless of whether AG Hood was involved in the communication.  Rubin Decl. Exs. 3-5 (Request Nos. 3 and 4).  Given the substantial differences in the scope of the subpoenas, the relevance and burden issues before the District Court for the District of Columbia will be different from the relevance and burden issues before this Court.  In attempting to justify transfer, Google entirely whitewashes the differences between the New York and D.C. subpoenas, and thus overstates the potential for any inconsistency.

At bottom, it should not be the case that a party can obtain a transfer of a motion to compel seeking irrelevant documents from one third party simply by issuing another subpoena seeking irrelevant documents in yet another jurisdiction and claiming the prospect of inconsistent rulings on relevance.  Google's self-created and implausible predictions of judicial inconsistency do not warrant transfer.[10]

---

[10] Google argues in passing that the "narrow window Judge Wingate afforded for discovery" and the fact that the Mississippi District Court "set an expedited discovery period," provide some additional basis for transferring its motions to compel to the issuing court.  Transfer MOL at 5, 11.  The Subpoenaed Parties disagree that the discovery deadlines set in the Mississippi Court are at all relevant to whether this Court should grant the requested transfer,

D.  The Subpoenaed Parties' "Sophistication" Does Not Support Transfer

Finally, Google points to the "sophistication" of the Subpoenaed Parties, and their prior communications with AG Hood, as circumstances warranting transfer.  Transfer MOL 10-12. This argument also fails.  The Subpoenaed Parties' sophistication cannot possibly constitute an "exceptional circumstance."  Lawsuits involving sophisticated corporations are ubiquitous in federal court and are certainly not "exceptional."  *See, e.g.*, *Music Group Macao Commercial Offshore Ltd v. Does*, No. 14-mc-80328-LB, __ F. Supp. 3d __, 2015 WL 930249, at *3 (N.D. Cal. 2015) (finding no "exceptional circumstances" warranting transfer of third-party subpoena issued to Twitter).

Google nonetheless contends that because the Subpoenaed Parties are "national entities represented by sophisticated counsel," transfer would not impose an undue burden.  Transfer MOL 11.  However, neither Congress nor the Advisory Committee provided any such "exception to the exception" in Rule 45(f), and the cases cited by Google on this point are readily distinguishable.  Google relies primarily on a case in which a California court found that transfer of a motion to compel to North Carolina would not significantly burden the subpoenaed party, Kia Motors, because "Kia is a national automotive company, not an individual California resident, *and Kia's counsel is representing the defendant in the North Carolina action*."  *In re Subpoena to Kia Motors Am., Inc.*, SACV 14-315 JLS (RNBx), 2014 WL 2118897, at *1 (C.D.

---

and note that Google cites no case law to support its position.  Nor is there any reason to believe that the Court will not resolve the pending motion as fast or faster than the Mississippi Court.  The return date in this Court for Google's motion to compel is July 14, 2015.  In any event, since the filing of this motion, Google has requested and received from the Mississippi Court a thirty-day extension of discovery in the underlying litigation, mooting any argument about the discovery clock.  MS Dkt. 130, 133.

Cal. Mar. 6, 2014) (emphasis added).   Here, by contrast, none of the Subpoenaed Parties' counsel is representing a party in the Mississippi Action.[11]

Contrary to Google's claims, the Subpoenaed Parties plainly would be burdened if Google's motion were transferred to the Mississippi Court.   The Subpoenaed Parties have no offices in Mississippi, and courts have recognized that travelling outside one's home district – in this case more than 1,000 miles away – for litigation in which they are not even a party may constitute a significant burden under Rule 45.   *See, e.g.*, *Garden City*, 2014 WL 272088, at *3 (recognizing that forcing a non-party corporation and its counsel to travel out of their home district to address a motion to quash imposed an undue burden); *see also CMB Expert*, 2014 WL 2197840, at *2 (denying transfer from Northern District of Texas, where the subpoenaed party was headquartered, to Central District of Illinois).

Perhaps recognizing the substantial burden that transfer to Mississippi would impose, Google tries to justify that burden by asserting that the "N.Y. Subpoenaed Parties actively inserted themselves into Mississippi's affairs for years to influence the conduct of AG Hood." Transfer MOL 11; *see also id.* at 2 ("These parties have involved themselves heavily in Mississippi's affairs for several years now.").   Google provides no evidentiary support for that assertion, and contradicts itself earlier in its motion by noting that the Subpoenaed Parties' communications with AG Hood – which the Subpoenaed Parties produced in full on June 2, 2015 – amounted to a mere "smattering of documents."   Transfer MOL 4.   Google cannot justify forcing the Subpoenaed Parties to litigate its overbroad, unduly burdensome Subpoenas in

---

[11] The other cases Google cites rely on *Kia*, but omit any reference that Kia's counsel was representing a party in the underlying litigation.  *See Agincourt Gaming LLC*, 2014 WL 4079555, at *8; *XY, LLC*, 2014 WL 4437728, at *2; *Judicial Watch*, 2014 WL 4954368, at *3-4.  Even those cases recognize that whether the subpoenaed party is a "large corporation represented by sophisticated counsel . . . is by no means a dispositive consideration."  *Agincourt Gaming LLC*, 2014 WL 4079555, at *8.

Mississippi by grossly exaggerating the Subpoenaed Parties' involvement in Mississippi's affairs.[12]

Putting Google's exaggerations to one side, that the Subpoenaed Parties previously communicated with AG Hood simply cannot constitute an "exceptional circumstance" justifying transfer. Virtually *every* subpoena will involve a non-party that previously communicated with a party to the litigation. Google now seeks documents that AG Hood never saw; it is absurd for Google to suggest that the Subpoenaed Parties somehow acquiesced to the Mississippi Court's hearing a motion to compel the production of such documents.

This dispute is of significant local interest here in New York City. Google – a multinational corporation with "one of the largest Google offices in the world" here in New York City[13] – seeks production of the Subpoenaed Parties' internal documents concerning their political contributions, and their communications with state attorneys general *other than AG Hood* – documents that AG Hood never viewed. Whether the Subpoenaed Parties, each of which has a strong presence in New York City, should be forced to search for, review, and produce such documents, is a matter of significant local interest that, consistent with Rule 45(f), should be resolved locally before this Court.

## CONCLUSION

For the foregoing reasons, the Subpoenaed Parties respectfully request that the Court deny Google's Motion to Transfer its Motion to Compel to the Southern District of Mississippi.

---

[12] The Subpoenaed Parties object to, and reserve all rights regarding, any review and/or use by Google of privileged documents revealed by the hack of Sony Pictures. Opp. to Motion to Compel at 11 n.16.

[13] *Google New York*, *available at* https://www.google.com/about/careers/locations/new-york/ (last visited June 22, 2015).

Dated:  June 22, 2015                                  Respectfully submitted,

                                                     /s/ Scott B. Wilkens

                                                     Scott B. Wilkens (*pro hac vice*)
                                                     JENNER & BLOCK LLP
                                                     1099 New York Avenue, N.W.
                                                     Suite 900
                                                     Washington, DC 20001-4412
                                                     Phone: (202) 639-6072
                                                     Fax: (202) 639-6066
                                                     Email: swilkens@jenner.com

                                                   *Attorney for Respondents Twenty-First*
                                                   *Century Fox, Inc.*, *NBCUniversal Media,*
                                                   *Inc.*, and *Viacom Inc.*

17