UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOOGLE INC., | CASE NO.: 1:15-mc-00150-P1 |
| Petitioner, | CASE IN OTHER COURT: No. 3:14-cv-00981-HTW-LRA (S.D. Miss.) |
| v. | |
| TWENTY-FIRST CENTURY FOX, INC., NBCUNIVERSAL MEDIA, INC., and VIACOM, INC., | **ECF CASE** |
| Respondents. | |

**SECOND SUPPLEMENTAL DECLARATION OF MICHAEL H. RUBIN
IN SUPPORT OF GOOGLE INC.'S RULE 45(F) MOTION
TO TRANSFER**

I, MICHAEL H. RUBIN, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner with the law firm Wilson Sonsini Goodrich & Rosati, attorneys for Petitioner Google Inc. ("Google"). I submit this affidavit to supplement the affidavit I submitted on June 1, 2015, in further support of Google's Federal Rule of Civil Procedure 45(f) Motion to Transfer against Twenty-First Century Fox, Inc. ("FOX"), NBCUniversal Media, Inc. ("NBC"), and Viacom, Inc. ("Viacom") (collectively the "Subpoenaed Parties" or the "Studios"). The following facts are true of my personal knowledge and if called and sworn as a witness I could competently testify to them.

2. As explained in my prior declarations in this matter, along with others at my firm, I have been involved with Google's efforts to obtain discovery from third parties to support its claims against Mississippi Attorney General Jim Hood ("AG Hood") in *Google Inc. v. Hood* (3:14-cv-00981-HTW-LRA, S.D. Miss.) ("*Google Inc. v. Hood*"). As part of these efforts,

Google served a subpoena on the law firm of Jenner & Block ("Jenner") in the District of the District of Columbia on March 12, 2015. Google also served a subpoena on the Motion Picture Association of America, Inc. ("MPAA") in the District of the District of Columbia on March 12, 2015.

### Jenner's June 12 Production

3. On June 12, 2015, 11 days after Google filed a Motion to Compel, Jenner produced 295 documents to Google in response to Google's subpoena.

4. During the meet and confer process, Jenner stated that it would not produce documents without a protective order being in place. Google was clear that it would not agree to a protective order absent a showing that one was called for, and Jenner did not make that showing. Even though no protective order had issued, Jenner produced a small set of documents. In connection with its production, Jenner purported to impose conditions on the use of the documents, including by labeling them "confidential." I advised Jenner counsel that, as I had told them during the parties' meet-and-confer, Google had not agreed to be bound by those conditions and would not abide by them. I received no response to that communication.

5. Jenner's June 12 production is Bates Numbered JB_00000001 through JB_00000629. These documents consist of email communications that included AG Hood or his staff and a Jenner custodian, as well as documents attached to those emails (some of which Jenner says it withheld at the request of AG Hood).

   a. Attached hereto as Exhibit 1 is a true and correct copy of a February 21, 2014 email exchange between Blake Bee of AG Hood's office, Melanie Webb of AG Hood's office, and Brian Cohen of the MPAA that was produced by Jenner and Bates Numbered JB_00000330-32.

**The MPAA's June 22 Production**

6.     Despite committing to produce documents by June 3, the MPAA did not produce any documents until June 22, 2015, the same day as the deadline for Google's reply to the MPAA's opposition brief.

7.     In a June 15, 2015 message in which the MPAA indicated that it was prepared to produce a limited set of documents, it expressly made the production contingent upon Google's agreement to "treat such documents as Confidential pending the resolution of Google's motion to compel and MPAA's request for a protective order in this matter," such that the documents "not be disclosed publicly or used in any respect for any purpose outside of this litigation."

8.     On June 16, I responded that Google would agree to those conditions so that the production would commence, notwithstanding Google's disagreement with their position.

9.     After our team began its review of the MPAA's production, I informed the MPAA in a June 26 letter that Google did not believe that the documents were entitled to confidential treatment. Given the documents' relevance to the question of transfer, I asked the MPAA to withdraw by noon Eastern on June 29, its request for confidential treatment over 13 specific documents. A true and correct copy of that June 26 letter is attached hereto as Exhibit 2. I also asked that the MPAA meet and confer to substantiate or to withdraw other designations on a broader basis.

10.    On June 27, I supplemented that list with a letter listing additional documents. A true and correct copy of that June 27 letter is attached hereto as Exhibit 3.

11.    On June 29, and well after the noon Eastern deadline had passed, the MPAA responded by letter withdrawing their confidentiality designations as to the documents identified in Google's June 26 and June 27 letters.

12. The MPAA's June 22 production is Bates Numbered MPAA00000001 through MPAA00003095. These documents consist of email communications that included AG Hood or his staff and a MPAA custodian, as well as documents attached to those emails (some of which the MPAA says it withheld at the request of AG Hood).

   a. Attached hereto as Exhibit 4 is a true and correct copy of a November 25, 2013 email exchange between Brian Cohen and AG Hood that was produced by the MPAA and Bates Numbered MPAA00001576-77.

   b. Attached hereto as Exhibit 5 is a true and correct copy of a December 1, 2013 email sent from Vans Stevenson of the MPAA to AG Hood that was produced by the MPAA and Bates Numbered MPAA00002409.

   c. Attached hereto as Exhibit 6 is a true and correct copy of a May 1, 2013 email exchange between Melanie Webb and Brian Cohen that was produced by the MPAA and Bates Numbered MPAA00000509-16.

   d. Attached hereto as Exhibit 7 is a true and correct copy of a April 19, 2012 email exchange between Meredith Aldridge of AG Hood's office and Brian Cohen that was produced by the MPAA and Bates Numbered MPAA00000075.

   e. Attached hereto as Exhibit 8 is a true and correct copy of an April 18, 2013 email exchange between Brian Cohen and Melanie Webb that was produced by the MPAA and Bates Numbered MPAA00000481-87.

   f. Attached hereto as Exhibit 9 is a true and correct copy of a February 7, 2014 email exchange between Brian Cohen and Melanie Webb that was produced by the MPAA and Bates Numbered MPAA00001680-84.

-5-

g.  Attached hereto as Exhibit 10 is a true and correct copy of a September 26, 2013 email exchange between Melanie Webb and Brian Cohen that was produced by the MPAA and Bates Numbered MPAA00001536-38.

h.  Attached hereto as Exhibit 11 is a true and correct copy of a June 18, 2013 email exchange between Jan Schaefer of AG Hood's office, Blake Bee, Brian Cohen and Steve Danon that was produced by the MPAA and Bates Numbered MPAA00001115. Due to an apparent error in the MPAA's production, the image file does not contain the complete email exchange. The extracted full text of the exchange, also produced by the MPAA, is appended.

\* \* \*

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct. Executed on June 29, 2015 in San Francisco, California.

_____
Michael H. Rubin